ERIC NADING *v.* STATE OF INDIANA.

[No. 177S34.  Filed July 10, 1978.]

*George J. Lewis, Lineback & Lewis,* of Greenfield, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged by indictment with First Degree Murder, Ind. Code § 35-13-4-1 (Burns 1975), for the shooting death of David Burton. Following a trial by jury, Defendant was found guilty of Second Degree Murder, Ind. Code § 35-1-54-1 (Burns 1975), and he was sentenced to life imprisonment. This direct appeal presents the following issues:

(1) Whether it was error for the trial court to consider the in-trial testimony of one witness when ruling upon the relevancy of a subsequent witness.

(2) Whether the trial court committed error by admitting certain photographs of the decedent into evidence.

(3) Whether an incriminating statement made by the defendant to a police officer was erroneously admitted.

(4) Whether the trial court erred by allowing a State's witness to testify that he was voluntarily residing in jail because he feared for his life.

## ISSUE I

At the time Defendant stood trial for the murder of David Burton, he also had charges for violations of Indiana's Controlled Substances Act, Ind. Code §§ 35-24.1-1-1 through 35-24.1-5-8, pending against him. By a pre-trial order in limine, the State was prohibited from eliciting any testimony concerning these drug charges. By the terms of the order, however, the State could, by motion out of the jury's presence, seek relief from the order as to any particular witness.

During trial the State requested, and was granted, relief from the order to allow testimony to be presented by State's witness, Randall Pike. Pike testified that he had been an eyewitness to the killing, and that immediately prior to shooting the deceased with a shotgun, the defendant had asked the deceased why he had given information to the police which had resulted in Defendant's drug arrest. Pike testified that the defendant had said to the deceased, "Why did you bust me. Why did you nark on me."

Subsequent to Pike's testimony, the State again sought relief from the order in limine for the testimony of State Police Officer Oldham. Oldham had participated in Defendant's arrest on the drug charges, and out of the jury's presence, he informed the court that the defendant had said that the informer in the drug arrest, "would pay for it." The deceased was the informer who had aided the police in arresting the defendant on the drug charges, and the State sought to introduce Oldham's testimony to evidence premeditated malice.

Counsel presented arguments to the court, and the State requested the court to consider Pike's trial testimony when

making its determination upon the relevancy of Oldham's testimony. The defendant objected on the ground that Pike was not then before the court and not subject to cross-examination. The court agreed to consider Pike's trial testimony, and granted relief from the order in limine as to Oldham's testimony.

Defendant contends that the trial court committed reversible error by considering Pike's trial testimony when making its ruling upon the admissibility of Oldham's testimony.

The trial court originally granted Defendant's motion in limine upon a preliminary determination that evidence of Defendant's drug charges would not be relevant to the issue of his guilt in the trial for murder. The court's relaxation of the pre-trial order to allow Oldham's testimony, was in the light of evidence presented which was not known at the time of the limine order. The trial court observed:

> "The essential thing that you're trying to prove eventually to this jury is that there was a criminal charge pending against the defendant, that the deceased was an informant who aided the police in filing that charge against the defendant and that the defendant knew that the deceased was the informant. Those are the three things you're going after."

Pike's trial testimony established that the defendant knew that the deceased was the police informant. This was necessary to establish the relevancy of the threat the defendant had made in Oldham's presence.

The implication of Defendant's argument is that a full evidentiary hearing, with the right of cross-examination, is necessary whenever the trial court rules upon the admissibility of evidence. The defendant has presented no argument which would support such a radical departure from established practice, and the trial court committed no error by overruling his objection.

## ISSUE II

Defendant objected to the admission of two black-and-white photographs which depicted the shotgun wounds of the deceased, upon the grounds that they were repetitive and prejudicial. One photograph showed the full length of the deceased's corpse, with the wounds in the chest and in the neck. The other photograph was a close-up of the head and neck, showing the wound in the neck.

Photographs are admissible as evidence of anything to which a witness might himself be permitted to testify. *Carroll* v. *State*, (1975) 263 Ind. 696, 338 N.E.2d 264. Both of the photographs introduced at trial and challenged here were illustrative of the cause of decedent's death. *Walker* v. *State*, (1976) 265 Ind. 8, 349 N.E.2d 161; *Baum* v. *State*, (1976) 264 Ind. 421, 345 N.E.2d 831.

Although the two photographs were somewhat repetitive and gruesome, their admission was not reversible error, since it cannot be said that the relevency of the photographs was outweighed by their potential to prejudice the defendant's fair trial rights. *Merritt* v. *State*, (1978) 267 Ind. 460, 371 N.E.2d 382; *Bates* v. *State*, (1977) 267 Ind. 8, 366 N.E.2d 659.

## ISSUE III

Defendant moved to suppress, and objected to the admission, of the statement which he had made to State Police Officer Oldham concerning the individual who had provided information to the police relative to his drug arrest. Oldham had participated in Defendant's drug arrest, and had prepared the routine paperwork associated with the defendant's incarceration following that arrest. Since Oldham had arrested the defendant upon a warrant, was not personally involved in the drug investigation, and did not intend to question the defendant concerning his criminal involvement, he did not inform the defendant of his right to remain silent. While Oldham was filling out forms following the drug arrest,

the defendant inquired who had signed the affidavit against him and Oldham responded that he did not know. The defendant then stated that whoever had done it was going to pay. Oldham then asked the defendant if he intended to threaten him, and Defendant said that he did not, but that the informer was going to pay for it. Defendant objected to the admission of this evidence upon the ground that he had not been advised of his constitutional rights pursuant to *Miranda* v. *Arizona*, (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

It is clear that Officer Oldham was not remiss in failing to advise the defendant of his right to remain silent and his right to an attorney. Such advisements are required to be given by the police in order to dispel the inherently coercive atmosphere associated with custodial interrogations. *Miranda* v. *Arizona, supra*. Here, although the defendant was in custody, there was no interrogation, and the advisement of rights was not necessary. An interrogation occurs only when officials intend to elicit, by whatever means, substantive evidence concerning criminal activity. Routine administrative questioning concerning an arrestee's name and address are usually not considered to be part of an "interrogation." *Pulliam* v. *State*, (1976) 264 Ind. 381, 345 N.E.2d 229. It appears that the defendant was attempting to elicit information from Officer Oldham, rather than the reverse. It is also clear that Defendant's statement was not only voluntary, it was volunteered. Such a spontaneous statement as was here used in evidence, with no suggestion of force, fraud, or threats on the part of the police, is plainly admissible under the test of voluntariness. *Works* v. *State*, (1977) 266 Ind. 250, 362 N.E.2d 144; *Johnson* v. *State*, (1968) 250 Ind. 283, 235 N.E.2d 688.

## ISSUE IV

During the examination of Randall Pike, it was disclosed that he was voluntarily residing in jail because he feared for

his life. Defendant objected to this testimony upon the grounds that it was irrelevant and prejudicial.

However, Pike also testified that at the time of the killing, to which he was a witness, the defendant had stated that he would kill Pike if he said anything about it. If admission of the testimony concerning Pike's protective custody was error, it was, nevertheless, harmless in light of the properly admitted evidence of the defendant's threat.

We find no reversible error. The judgment of the trial court is affirmed.

Givan, C.J., and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 377 N.E.2d 1345.