Kenneth A. ROBERTS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1–679A167.

Court of Appeals of Indiana,
Fourth District.

Oct. 17, 1979.

Bureau of his new address. IC 9–1–4–36. This again he did not do. The evidence shows that Roberts has himself disabled the Bureau from giving proper notice. He has demonstrated no concern about whether or not the Bureau had his correct address. Under these circumstances he is in no position to complain about lack of notice. His argument would place a premium on deception. This we will not accept. Accordingly the first two issues raised by Roberts are resolved adversely to him.

Roberts' third allegation is that the State failed to prove intent. This proof was not necessary. Proof of intent is necessary only when required by the legislature. *Gregory v. State,* (1973) 259 Ind. 652, 291 N.E.2d 67, 68. Our reading of the statute fails to convince us that intent need be proved. This is in accordance with the general rule. 61A C.J.S. *Motor Vehicles* § 591 (1970). There is no error.

The defendant complains that the court erred by admitting his driving record into evidence. Assuming *arguendo* that this was error, it does not entitle defendant to a reversal. First, the alleged erroneous admission of evidence generally is not reversible error unless the appellant can show prejudice. *Brummett v. Pilotte,* (1979) Ind. App., 390 N.E.2d 705, 708; *Lovko v. Lovko,* (1978) Ind.App., 384 N.E.2d 166, 173; *Brademas v. Real Estate Dev. Co.,* (1977) Ind.App., 370 N.E.2d 997, 1000. Defendant makes no claim of prejudice. Thus we are hesitant to find reversible error. Second, the defendant himself introduced into evidence a document containing almost identical information. Defendant cannot properly claim error with respect to the State's evidence when other evidence having the same probative value was introduced by the defendant. *See Pollard v. State,* (1979) Ind., 388 N.E.2d 496, 505; *Nading v. State,* (1978) Ind., 377 N.E.2d 1345, 1348; *Roberts v. State,* (1978) Ind., 375 N.E.2d 215, 219.

Defendant's final argument is that the evidence is insufficient. This argument is based solely upon his failure to have received notice of the suspension, as discussed *supra.* We have already rejected this de-

Thomas E. Q. Williams, Greenfield, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Defendant Roberts was convicted of driving with a suspended license, IC 1971, 9–1–4–52 (Burns Code Ed.). We affirm.

The first two issues raised by Roberts concern the assertion that he never received notice that his license had been suspended. Consequently, he argues he could not properly be convicted of driving with a suspended license. The record discloses that the notice had been sent by the Bureau of Motor Vehicles to the address given on Roberts' license. This address, however, was incorrect and Roberts had never lived at that particular location. However, the record also discloses that for at least a year Roberts had never bothered to notify the Bureau of the error. He claimed he never noticed the mistake. Furthermore, Roberts recently had moved. This event would require him to notify the

fense. Therefore his claim of insufficient evidence must likewise fail.

Affirmed.

MILLER, P. J., and CHIPMAN, J., concur.