STATE of Indiana, Appellant
(Plaintiff Below),

v.

Calvin McCLAIN, Appellee
(Defendant Below).

No. 4-1181A170.

Court of Appeals of Indiana,
Fourth District.

Dec. 15, 1982.

Charles E. Stewart, Jr., Deputy Pros. Atty., 31st Judicial Circuit, Crown Point, Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Charles H. Graddick, Gary, for appellee.

MILLER, Judge.

The jury acquitted Calvin McClain of the charge of Robbery, a class C felony. The State appeals a reserved question of law pursuant to Ind.Code 35-1-47-2 and presents this single issue.[1]

"Whether the trial court erred when it granted the Defendant-Appellee's motion in limine and subsequently sustained the Defendant-Appellee's objection to the State's offer of proof of a confession made by the Defendant-Appellee in open court at his first judicial appearance."

We sustain the appeal, agreeing with the State the trial court erred in excluding McClain's confession as such confession was voluntary and not the result of a custodial interrogation.

On April 10, 1979 a male robbed the Mirovich Clothing Store in Lake County, Indiana. That same day the manager and saleslady picked McClain as the robber out of 30 photographs. The manager also gave a statement to the police. McClain was not arrested until nine months later. The day after his arrest, on January 29, 1980, without counsel McClain appeared for his first judicial appearance before Judge Letsinger where the following exchange occurred:

BY THE COURT: Are you Calvin McClain?

ANSWER: [McCLAIN] Yes, sir.

---

1. The state reserved another issue on a rejected instruction but explicitly waived that issue in its brief.

QUESTION [COURT]: Mr. McClain, I have several charges against you, this is Robbery, Class C, this is Robbery Class B, all of which are serious charges; and no attorney has entered his appearance to represent you, are you going to hire a lawyer?

ANSWER [McCLAIN]: The reason why I did the robberies, I needed money, so therefore I can't hire an attorney because I don't have any money. Like some of that up there ain't true, your Honor, that Class B, I don't know what's happening with that, them other two, well what can I say."

(R. 189).

After a change of venue from the judge and during his robbery trial, Special Judge Richard Maroc granted McClain's motion in limine to exclude the admissions made to Judge Letsinger. The manager of Mirovich and three police officers testified for the State. However, McClain and his mother testified he was in the Hines V.A. Hospital at the time the robbery occurred. The jury found McClain not guilty.

It appears the trial court relied on a federal case, *United States v. Dohm,* (5th Cir.1980) 618 F.2d 1169 (en banc) to exclude McClain's admissions. In *Dohm,* the defendant made damaging statements at a pre-trial bail hearing before a magistrate which statements were admitted at trial. On appeal, the court considered the issue of "whether the government's use at trial of statements made by the accused at a pre-trial bail hearing constitutes a denial of the accused's fifth amendment rights against self-incrimination." *Id.* at 1170, and con-

cluded "when proper warnings are given, testimony presented by a defendant to meet bail requirements may be admissible against him at trial." [2] *Id.* at 1174. In *Dohm* the magistrate tried several times to warn the defendant not to hurt himself by speaking without a lawyer, but the warnings were confusing.[3] Because the warnings were obfuscating, the appeal court reversed Dohm's conviction and remanded for a new trial excluding the confession.

■ We acknowledge it to be good policy for trial judges to initially inform defendants, at a hearing such as occurred here, the advisability of having counsel, not to speak to the merits of the offense as their words might be used against them. In *Miranda v. Arizona,* (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, the Court pointed out a warning is needed to make the defendant aware he is in an adversary system,—that he is not with people acting in his interest. *Id.* at 469, 86 S.Ct. at 1625.[4] However strongly we may urge trial courts to caution defendants before they speak, nevertheless, we hold McClain's admissions should have been admitted. The Indiana Supreme Court has consistently held:

"the procedural safeguards of *Miranda* apply only to what the United States Supreme Court has termed 'custodial interrogation.' *Oregon v. Mathiason,* (1977) 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714; *Orozco v. Texas,* (1969) 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311; *Bugg v. State,* (1978) 267 Ind. 614, 372 N.E.2d 1156; *Maxey v. State,* (1969) 251 Ind. 645, 244 N.E.2d 650, *cert. denied,* (1970) 397 U.S. 949, 90 S.Ct. 969, 25 L.Ed.2d 130."

**2.** Several courts have cited *Dohm* on the issue of warning defendants of their rights in order to use the testimony. *McGahee v. Massey,* (11th Cir.1982) 667 F.2d 1357; *United States v. Johnson,* (E.D.Pa.1981) 516 F.Supp. 696; *People v. Angelillo,* (Co.Ct.1980) 105 Misc.2d 338, 432 N.Y.S.2d 127.

**3.** The *Dohm* court observed:
"The magistrate cautioned—'you may say something that might hurt you in the future proceedings ... the law says that the testimony here really should be used against you at future proceedings'—but then he disclaimed—'but I don't know how it can be

done. Technically, they won't use it.' In view of such a confusing warning appellant was not adequately warned of the consequences of any statements which he might make."
*Id.* at 1175.

**4.** We note *Miranda* is not limited to custodial interrogation by police or agents of the government as argued by the State. See *Estelle v. Smith,* (1981) 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (where the confrontation was between the defendant and a court appointed psychiatrist).

*Minneman v. State,* (1982) Ind. 441 N.E.2d 673 at pp. 676. *See also Lucas v. State,* (1980) Ind., 413 N.E.2d 578; *Hatcher v. State,* (1980) Ind., 410 N.E.2d 1187; *Adams v. State,* (1979) Ind., 386 N.E.2d 657; *Hoskins v. State,* (1978) 268 Ind. 290, 375 N.E.2d 191; *Hill v. State,* (1978) 267 Ind., 480, 371 N.E.2d 1303. Our supreme court in *Staton v. State,* (1981) 428 N.E.2d 1203 adopted the United States Supreme Court definition of interrogation given in *Rhode Island v. Innis,* (1980) 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 as follows:

" 'Interrogation,' as conceptualized in the *Miranda* opinion, must reflect a measure of compulsion above and beyond that inherent in custody itself.

We conclude that the *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect."

Id. 446 U.S. at 300–01, 100 S.Ct. at 1689–90. In utilizing this definition, Indiana will admit statements into evidence which are made in response to a question by the police while the defendant is in custody if the court determines the response was volunteered rather than the result of the interrogation. See *Staton v. State, supra; Johnson v. State,* (1978) 269 Ind. 370, 380 N.E.2d 1236; *Nading v. State,* (1978) 268 Ind. 634, 377 N.E.2d 1345; *Bugg v. State, supra; Lane v. State,* (1977) 266 Ind. 485, 364 N.E.2d 756; *New v. State,* (1970) 254 Ind. 307, 259 N.E.2d 696.

For example in *Nading v. State, supra,* the officer was completing the routine paperwork for incarceration and did not intend to question the defendant on his criminal involvement. Therefore he gave no warnings. When the defendant asked who signed the charging affidavit, the officer responded that he didn't know, whereupon Nading exclaimed whoever did it was going to pay. The officer then asked if he intended a threat against the signer and Nading replied he didn't, but the informer was going to pay. Our supreme court, in response to Nading's challenge to the admission of those statements which were not preceded by a *Miranda* warning, held there was no interrogation, and advisement of rights was not necessary. "An interrogation occurs only when officials intend to elicit, by whatever means, substantive evidence concerning criminal activity." *Id.* at 639, 377 N.E.2d at 1348. The court also held the statement was voluntary. "Such a spontaneous statement ... with no suggestion of force, fraud or threats on the part of the police, is plainly admissible under the test of voluntariness." *Id.* Similarly in *Johnson v. State, supra,* the supreme court held admissible a confession by Johnson made while in custody at his home. Without giving a *Miranda* warning, the police said, "What happened?" Immediately Johnson confessed. Our supreme court found this opening remark by the police was like a greeting intended "for its calming effect than for obtaining an admission." *Id.* at 377, 380 N.E.2d at 1240. The court said, "it is necessary to view the statement in the context ... made." *Id.* If the purpose of the remark was not to obtain a confession, "it is not necessary that the accused first be advised of his rights." *Id.* Likewise in *New v. State, supra* a custodial statement made in the back of a police car was admissible as not the product of interrogation. New, in custody for public intoxication and seated in the police car, was merely asked his name by an investigating officer. He responded by confessing to a murder giving every detail. Finally, in *Bugg v. State, supra,* the supreme court again held a confession was not the result of a custodial interrogation when a police sergeant who had known Bugg for five years visited her cell after hearing she was distraught and going into hysterics. He was not assigned to the case, but as a friend wanted to calm her. After the sergeant asked if she had any problems, Bugg admitted she killed Tommie, her ex-husband and a police offi-

cer, giving all the details up to the day of the killing. The sergeant did not interrupt or advise her of her *Miranda* rights.

In our case, Judge Letsinger did not intend to elicit evidence or obtain a confession when he asked McClain if he was going to hire a lawyer. Unlike the magistrate in *United States v. Dohm, supra,* Judge Letsinger did not induce the admission in question by a confusing or misleading advisement of the nature of the proceedings and/or of his rights. We find McClain's answer was a voluntary statement, not the result of a custodial interrogation, and admissible under Indiana law even though no warnings were given.

Question answered.

YOUNG, P.J., and CONOVER, J., concur.