**Frank SEWELL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 3–283A55.

Court of Appeals of Indiana, Third District.

Aug. 23, 1983.

---

1. To the extent *Krueger v. Bailey,* (1980) Ind. App., 406 N.E.2d 665, can be interpreted otherwise on this point, I disagree with it.

Richard J. Thonert, Romero & Thonert, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

After a bench trial, Frank Sewell was convicted of driving while his license was suspended, a class A misdemeanor, for which he received a 182 day sentence and a $500 fine. On appeal, Sewell raises two issues: [1]

(1) Whether it was necessary for the State to prove that Sewell knew that he was driving while his license was suspended; and

(2) Whether the arresting officer, who observed Sewell operating a motor vehicle and knew that Sewell's license

---

1. Sewell also contends that a copy of his driving record was improperly admitted into evidence. However, Sewell cites no authority in support of this contention; therefore, it is waived. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7); *Baker v. State* (1982), Ind., 439 N.E.2d 1346, 1349.

had been previously suspended, had sufficient cause to stop Sewell.

Affirmed.

The facts most favorable to the State show that on July 30, 1982, Officer Johnson of the Fort Wayne Police Department observed Sewell driving a motor vehicle on a public road in Fort Wayne. Knowing that Sewell's license had been previously suspended, Johnson stopped Sewell and asked if he had a driver's license, to which Sewell replied, "No". Bureau of Motor Vehicle records showed that Sewell's license was suspended at that time.

Sewell first contends that this evidence is insufficient to support the conviction because the State failed to introduce evidence that Sewell was aware that his driving privileges were, at that time, suspended. We disagree.

■ The crime of driving while one's license is suspended is one which is malum prohibitum; it is an offense only because it is prohibited by statute. "That which is merely malum prohibitum ... does not require intent and knowledge, unless specified by the prohibiting statute...." *Gregory v. State* (1973), 259 Ind. 652, 291 N.E.2d 67, 68. The terms of Ind.Code 1976, 9–1–4–52 [2] do not require the State to show that Sewell possessed a criminal intent to violate the law. Therefore, the lack of such proof in this case is of no moment. *See Roberts v. State* (1979), Ind.App., 395 N.E.2d 802.[3]

Sewell next complains that Johnson stopped him without reason, in violation of his Fourth Amendment right to be free from unreasonable seizure. Sewell argues that the traffic stop was unwarranted because Johnson did not believe Sewell had committed or was committing a moving violation; therefore, the admission into evi-

dence of Sewell's statement that he had no license was error.

■ The standard by which Johnson's action must be measured is set forth in *Delaware v. Prouse* (1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660:

"[E]xcept in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment...."

■ Officer Johnson explained his reason for stopping Sewell as follows:

"Well, the reason I stopped him is because he was involved in some of our previous investigations, and each time we get him for driving while suspended."

This reason is insufficient. Johnson stopped Sewell only because Sewell's license had been previously suspended. Johnson articulated no facts which would lead one to suspect that Sewell's license was suspended *at the time of the stop.* Thus, Sewell's Fourth Amendment right to be free from unreasonable seizure was violated.

■ While we agree with Sewell's contention that his Fourth Amendment right was violated, the illegality of a stop

"is of consequence only as it affects the admission of evidence obtained through a search incident to the arrest... It has no bearing upon the guilt or innocence of the accused...."

*Scott v. State* (1980), Ind.App., 404 N.E.2d 1190, 1192 (citations omitted).

■ Johnson testified that he observed Sewell driving, and Bureau of Motor Vehi-

---

2. Ind.Code 1976, 9–1–4–52 reads, in pertinent part:

"Driving while license or permit suspended or revoked unlawful.—(a) A person shall not operate a motor vehicle upon the public highways while his license or permit is suspended or revoked. A person who violates this subsection commits a class A misdemeanor."

(Burns Code Ed., 1982 Supp.).

3. This Court's holding in *Roberts* is that criminal intent need not be proved to obtain a conviction under IC 9–1–4–52. The discussion in that case of Roberts's role in frustrating the attempts of the Bureau of Motor Vehicles to notify him of his license suspension is dictum.

cle records were admitted into evidence showing that Sewell's license was suspended at that time. This evidence alone is sufficient to convict Sewell of driving while his license was suspended. Sewell was not harmed by the admission of the conversation between himself and Johnson; therefore, its admission into evidence does not constitute reversible error.

Affirmed.

GARRARD, J., concurs.

HOFFMAN, P.J., concurs in result.