Robert L. GROGAN, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–585A120.

Court of Appeals of Indiana, First District.

Aug. 29, 1985.

Rehearing Denied Oct. 7, 1985.

Ray Warren Robison, Bedford, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Robert Grogan appeals his convictions of driving while license suspended[1] and driving while intoxicated.[2] We affirm in part and reverse in part.

## FACTS

On February 3, 1984, Grogan was seen, by a state trooper, driving a 1973 Ford automobile north of Bedford, Indiana. The trooper followed Grogan on Old State Road 37 and observed that Grogan was having trouble keeping his car on the road. The state policeman, Officer Summers, testified that Grogan's car crossed the center of the road and drove onto the shoulder a couple of times. The trooper turned his red lights

---

1. Indiana Code section 9–1–4–52.

2. Indiana Code section 9–11–2–2.

on and shortly thereafter Grogan stopped his vehicle.

Grogan was unable to produce a driver's license and the trooper noticed a smell of alcohol on Grogan's breath. The trooper testified that Grogan's speech was slurred, his walk was slow and difficult, his eyes and face were red and his balance was unsteady. The defendant was arrested and transported to the Bedford police station where he was given a breathalyzer test. The test revealed a blood alcohol level of .21.

At trial, the trooper's testimony and results of the breathalyzer were admitted into evidence. Also, a certified driving abstract was admitted to support the amendment of the driving while license was suspended from 9–8–80 to 9–8–82 and until proof of financial responsibility is filed for three years. The abstract further reflected that his current status was "suspended". Grogan's aunt testified in his defense that Grogan had been in a car accident in 1979. She stated that since the accident Grogan's speech has not been good. Also, the defendant's eyes have been bloodshot and his walk slow and unsteady. However, the jury convicted Grogan on both counts.

The court then proceeded with a bifurcated trial to determine whether the defendant had been convicted of driving while intoxicated previously. The jury again rendered a verdict against Grogan. The trial judge sentenced the defendant to 180 days on the driving while suspended count. The driving while intoxicated conviction resulted in a two year sentence with all but 15 days suspended conditioned on satisfactory completion of supervised probation. The 15 day and 180 day sentences were ordered to be served consecutively. The defendant now appeals.

## ISSUES

1. Whether State's Tendered Instruction Number 1, given as Preliminary Instruction 9–B, and as Final Instruction 7–B, was confusing to the jury and was based upon an unconstitutional statute which purports to shift the burden of proof.

2. Whether the trial court erred in admitting the results of the breathalyzer examination over defendant's objection because of the improper foundation for the admission of this evidence.

## DISCUSSION AND DECISION

### Issue One

The offense of driving with a suspended license is codified in Indiana Code section 9–1–4–52 as follows:

"(a) A person shall not operate a motor vehicle upon the public highways while his license or permit is suspended or revoked. A person who violates this subsection commits a Class A misdemeanor.

(b) Notwithstanding subsection (a), if:

(1) a person operates a motor vehicle upon the public highways while his license or permit is suspended or revoked; and

(2) the person's suspension or revocation

was a result of his conviction under IC 9–11–2; the person commits a Class A misdemeanor. However, notwithstanding IC 35–50–3–2, a person who violates this subsection shall be imprisoned for a fixed term of not less than sixty (60) days and not more than one (1) year. Notwithstanding IC 35–50–3–1, the court may not suspend any part of the sentence, except that part of the sentence exceeding sixty (60) days ..."

In 1983, the legislature added a provision dealing with the burden of proof when a defendant is charged with a violation of Ind.Code § 9–1–4–52. This new provision requires the defendant to show that he possessed a valid driver's license at the time he was stopped. Indiana Code section 9–1–4–52.5 states: "In a prosecution, under section 52 of this chapter, the burden is on the defendant to prove by a preponderance of the evidence that he had been issued a driving license or permit that was valid at the time of the alleged crime." The court's instruction to the jury concerning the burden of proof tracked the precise language

of Ind.Code § 9–1–4–52.5. The jury was instructed as follows: "In the prosecution for driving while suspended, which is Count II in this case, the burden is on the defendant to prove by a preponderance of the evidence that he had been issued a driving license or permit that was valid at the time of the alleged crime." The court gave no other instruction concerning the burden of proof on a charge of driving with a suspended license. Grogan argues that the instruction given therefore shifted the burden of proof away from the state effectively requiring the defendant to prove his innocence. We agree.

The fourteenth amendment requires the state to prove every fact necessary to constitute the crime beyond a reasonable doubt. *In re Winship* (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368. "It has long been the fundamental law in Indiana that the burden of proof in a trial never shifts to the defendant. The state must establish beyond a reasonable doubt all necessary elements of the crime." *Smith v. State* (1969), 252 Ind. 425, 438, 249 N.E.2d 493, 500; *see also, Dillon v. State* (1971), 257 Ind. 412, 275 N.E.2d 312; *Thompson v. State* (1980), Ind.App., 400 N.E.2d 1151. However, while the state must establish all the elements it does not have the burden of negating all affirmative defenses which excuse or exempt the defendant's conduct. *Patterson v. New York* (1977), 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281; *Ward v. State* (1982), Ind., 438 N.E.2d 750; *Davis v. State* (1985) Ind. App., 481 N.E.2d 434; *Burgin v. State* (1982), Ind.App., 431 N.E.2d 864, *trans. denied.* Our courts consistently have held that it is permissible to place the burden on the defendant to establish facts which would mitigate his culpability for a crime. *Reighard v. State* (1984), Ind., 457 N.E.2d 557 (burden of proving insanity on defendant); *Graham v. State* (1982), Ind., 441 N.E.2d 1348 (burden of proving affirmative defense of intoxication is on defendant); *cf. Bennett v. State* (1981), Ind., 423 N.E.2d 588 (burden on state to prove defendant was not entrapped). We must therefore determine whether lack of a valid driver's license is an element of the crime for which Grogan was charged.

There are only two elements to the crime of driving with a suspended license. Neither criminal intent to violate the law nor knowledge by the defendant of the suspension of his license is an element of the crime. *Sewell v. State* (1983), Ind. App., 452 N.E.2d 1018; *Roberts v. State* (1979), 182 Ind.App. 430, 395 N.E.2d 802. In *Sewell* the court held that the state had carried its burden of proof because the evidence was sufficient to show that the defendant was driving an automobile at a time when his license had been suspended by the Bureau of Motor Vehicles. *Sewell,* 452 N.E.2d at 1021. We must conclude that whether the defendant's driver's license is suspended is an essential element of the offense which must be proved by the state beyond a reasonable doubt. Because the jury was not instructed concerning the state's burden but rather told only that the defendant had the burden of proving he holds a valid license by a preponderance of the evidence the court unconstitutionally shifted the burden of proof to the defendant to prove his innocence.

However, our holding does not necessarily require the conclusion that Ind. Code § 9–1–4–52.5 is itself unconstitutional. We are bound to uphold a statute as constitutional if it can possibly be done without doing violence to the constitution, and every reasonable presumption must be indulged in favor of the legality of the statute. *Lawrence v. State* (1972), 259 Ind. 306, 286 N.E.2d 830. Statutes are presumed to be constitutional. *Miller v. State* (1983), Ind.App., 449 N.E.2d 1119. If the language of a statute supports a construction that is constitutional, then that construction must be adopted. *Miller,* 449 N.E.2d at 1121; *Wallman v. State* (1981), Ind.App., 419 N.E.2d 1346. We believe Ind.Code § 9–1–4–52.5 can be interpreted to meet constitutional requirements.

Although the state had the burden of proving that Grogan's license had been suspended, we believe the legislature could

cast the burden upon Grogan to rebut such evidence by showing he did in fact have a valid driver's license at the time. In *Burgin,* we upheld a statute placing the burden on the defendant in a drug prosecution to prove he had a valid prescription for the drug in question. We held that burden to be that of a preponderance of the evidence. *Burgin,* 431 N.E.2d 864.

The words of Judge Shields in *Burgin,* are particularly enlightening here:

"Our supreme court has held there is no constitutional impediment to a statute imposing the burden of proof upon a defendant on an issue if the issue is not an element of the crime. *Price v. State,* (1980) [274] Ind [479], 412 N.E.2d 783. However, we stress that each *element* of the offense proscribed by I.C. 35–48–4–7 must be proved by the state beyond a reasonable doubt and that this obligation of the state remains throughout the trial. [Citations omitted. Original emphasis.]"

431 N.E.2d at 867.

In all criminal cases, the burden of proof is upon the state to establish beyond a reasonable doubt every element of the offense charged, and this burden never shifts. However, this means only that the burden never shifts with regard to the necessary elements of the crime. "If the defendant sets up distinct substantive matter to exempt him from punishment and absolve him from liability, he has the burden of proving such matters." 29 Am.Jur.2d, *Evidence* § 125 (1967). As previously noted, our supreme court has held the defendant bears the burden of proving his intoxication defense. *Duffy v. State* (1981), 275 Ind. 191, 415 N.E.2d 715; *Cowans v. State* (1980), 274 Ind. 327, 412 N.E.2d 54; *Stevens v. State* (1978), 267 Ind. 541, 372 N.E.2d 165.

■ In a drug prosecution such as *Burgin,* clearly the state must prove beyond a reasonable doubt that the defendant possessed the illegal drug—the essential element of the offense. The defendant may exempt himself from punishment and absolve himself of criminal liability by proving he had a valid prescription for the drug,

a matter which he bears the burden of proving by a preponderance of the evidence. The analogy here is clear. In a prosecution for driving while suspended, the state must prove beyond a reasonable doubt that the defendant's license was suspended. The defendant may exempt himself from punishment and absolve himself of criminal liability by proving by a preponderance of the evidence that in fact he held a valid license at the time. This is the intent of Ind.Code § 9–1–4–52.5, and is a construction rendering the statute constitutional.

■ In other words, the statute does not operate until the state has proved the element of driving with a suspended license beyond a reasonable doubt. Then, according to the statute, the defendant has the burden of rebutting the state's case by proving he possessed a valid license or permit at the time he was driving by a preponderance of the evidence. Under this interpretation the ultimate burden of proof never shifts to the defendant and thus does not exceed the fundamentals of constitutional law. Where a statute is subject to two different interpretations, one which is within constitutional boundaries and the other unconstitutional this court must adopt the former construction thereby upholding the validity of the statute. *Book v. Board of Flood Control Commissioners* (1959), 239 Ind. 160, 156 N.E.2d 87; *Miller v. State* (1983), Ind.App., 449 N.E.2d 1119; *S.M.V. v. Littlepage* (1982), Ind.App., 443 N.E.2d 103, *trans. denied.* Therefore, we interpret Ind.Code § 9–1–4–52.5 as operating only after the state has made a *prima facie* case and then requiring the defendant to rebut the state's evidence or stand convicted. Thus, although the statute was unconstitutionally applied in this case, the statute itself is constitutional subject to our interpretation.

*Issue Two*

Grogan challenges his conviction of driving while intoxicated contending that the results of his breath test were improperly admitted into evidence. Admission of the

results of a breathalyzer test is controlled by Indiana Code section 9–11–4–5.[3] Specifically, Grogan argues that the foundation for the test results was inadequately established concerning the certification of the operator and technique used in administering the test.

The statute requires that, before test results are admissible, the breathalyzer test must be administered by a certified operator. Ind.Code § 9–11–4–5(d)(1). This can be established by admitting a certified copy of the operator's certification from the Department of Toxicology which is *prima facie* evidence. In the present case, however, the certification submitted by the state was issued in 1981 and by law expired two years later in 1983. Since Grogan was tested by Officer Summers on February 3, 1984, he argues his document fails to establish that Summers was, in fact, certified when the test in question was given. While we agree with Grogan on this point, under the circumstances of this case reversal on this ground is not mandated.

Besides the outdated certification, a red card carried by Summers was also admitted into evidence. The card was issued by the Department of Toxicology and states that Officer Summers is a valid chemical test operator. The card bears an expiration of March 31, 1985. Because certification, pursuant to 260 IAC 1–1–3–(4), is valid for two years the 1985 expiration date clearly establishes such certification was in effect when Summers tested Grogan in 1984. Grogan argues that this is an improper method of establishing the operator's certification. He contends that because admission of the certification itself from the Department of Toxicology is the method set out in Ind.Code § 9–11–4–5(c)(3) proof of certification by any other means is improper. However, we do not read this section as excluding all other methods of proof. The controlling language of the statute is in subsection (d) which regulates the ultimate question of the admissibility of the breathalyzer test results. Ind.Code § 9–11–4–5(d)(1) simply requires that the test operator be certified. This foundational requirement was met through the admission of Officer Summers' red card.

Grogan's argument concerning the foundational element that the technique used be certified by the Department of Toxicology fails for the same reason. The statute spells out the procedure for estab-

3. "(a) The director of the department of toxicology of the Indiana University school of medicine shall adopt rules, under IC 4–22–2, concerning:
 (1) Standards and regulations for the:
 (A) Selection;
 (B) Training; and
 (C) Certification;
 of breath test operators;
 (2) Standards and regulations for the:
 (A) Selection; and
 (B) Certification;
 of breath test equipment and chemicals; and
 (3) The certification of the proper technique for administering a breath test.
 (b) Certificates issued in accordance with rules adopted under subsection (a) shall be sent to the clerk of the circuit court in each county that the breath test operator, equipment, or chemicals are used to administer breath tests. However, failure to send a certificate does not invalidate any test.
 (c) Certified copies of certificates issued in accordance with rules adopted under subsection (a):
 (1) Are admissible in a proceeding under this article;

 (2) Constitute prima facie evidence that the equipment or chemical:
 (A) Was inspected and approved by the department of toxicology on the date specified on the certificate copy; and
 (B) Was in proper working condition on the date the breath test was administered so long as the date of approval is within one hundred eighty (180) days before the date of the breath test;
 (3) Constitute prima facie evidence of the approved technique for administering a breath test; and
 (4) Constitute prima facie evidence that the breath test operator was certified by the department of toxicology on the date specified on the certificate.
 (d) Results of chemical tests that involve an analysis of a person's breath are not admissible in a proceeding under this article if:
 (1) The test operator;
 (2) The test equipment;
 (3) The chemicals used in the test, if any; or
 (4) The techniques used in the test; have not been approved in accordance with the rules adopted under subsection (a)."

lishing that the method of test administration was certified. Ind.Code § 9–11–4–5(c)(3) states that a certified copy of the rules concerning the proper technique of administration is *prima facie* evidence of the technique. Once again, Grogan incorrectly reads this section as exclusive.

As stated earlier, the ultimate question of admissibility is controlled by section (d) which simply requires that the technique used by the administering officer be in accordance with the rules promulgated by the Department of Toxicology. Ind.Code § 9–11–4–5(d)(4). This was established at trial by the admission into evidence of the Breathalyzer Operational Check List which Officer Summers testified he followed when he gave the test to Grogan. This checklist is substantially the same as the instructions for breathalyzer administration set out by the Department of Toxicology in Volume 7 Number 2 P. 338 Indiana Register. In *Denman v. State* (1982), Ind. App., 432 N.E.2d 426, *trans. denied,* the exact same facts were involved and the court held that the similarity of the Breathalyzer Operational Check List with the Department's guidelines together with the officer's testimony that he followed the instructions on the check list was sufficient to establish that the requisite procedure was followed. We also conclude that the state established the foundational element that Grogan's test was administered properly and according to accepted guidelines. The proper foundation for the breathalyzer test results was therefore established at trial and the evidence of Grogan's .21 blood alcohol level was properly admitted.

The conviction of driving while intoxicated is affirmed. The conviction of driving with a suspended license, however, is reversed and remanded for proceedings consistent with this opinion.

Judgment affirmed in part and reversed in part.

NEAL and ROBERTSON, JJ., concur.

1. This case was diverted from the Second District to the First District by order of the Chief