STATE of Indiana, Plaintiff-Appellant,

v.

Raymond P. KEIHN, Defendant-Appellee.

No. 18A02-8806-CR-231.

Court of Appeals of Indiana, First District.

Nov. 21, 1988.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for plaintiff-appellant.

Alan K. Wilson, Muncie, for defendant-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

The State of Indiana appeals, pursuant to Indiana Code section 35-38-4-2(4), a judgment of acquittal following bench trial, of Raymond P. Keihn of the offense of driving a motor vehicle while his license was suspended as proscribed by Indiana Code section 9-1-4-52 because the state had failed to prove Keihn had notice that his license was suspended. We sustain the appeal.

## FACTS

On January 25, 1987, Keihn's pickup truck was involved in a collision with another vehicle in Muncie, Indiana. Muncie police officer Brown was dispatched to the scene. Keihn admitted he was the driver of the pickup truck. When asked for his driver's license, Keihn admitted to Officer Brown that he had no such license and that his license was suspended for two offenses of driving while intoxicated. Record at 67-68. An abstract of Keihn's driving record from the Bureau of Motor Vehicles showed his driver's license suspended as of the date of the offense.

## ISSUE

In a prosecution for driving while suspended under Ind.Code § 9-1-4-52, must the state, in order to obtain a conviction, prove either that the driver knew or rea-

sonably could have known his license was suspended at the time or that notice thereof had been mailed to him prior to the date of the offense?

## DISCUSSION AND DECISION

In our opinion, there is no burden of proof upon the state to prove that a person charged under Ind.Code § 9–1–4–52 had actual, constructive, or legal notice of the suspension of his driving privileges. This court has specifically so held in *Grogan v. State* (1985), Ind.App., 482 N.E.2d 300, *trans. denied; Sewell v. State* (1983), Ind.App., 452 N.E.2d 1018; and *Roberts v. State* (1979), 182 Ind.App. 430, 395 N.E.2d 802. In *Sewell*, we said that the offense of driving while suspended under I.C. § 9–1–4–52 was *malum prohibitum*, that is, an offense only because it is prohibited by statute and that acts which are merely *malum prohibitum* do not require intent and knowledge unless so specified by the prohibiting statute. We further held that I.C. 9–1–4–52 [1] did not require proof of intent to violate the law. *Sewell*, 452 N.E.2d at 1020. Relying upon *Sewell* and *Roberts*, we stated in *Grogan:* "There are only two elements of the crime of driving with a suspended license. Neither criminal intent to violate the law nor knowledge by the defendant of the suspension of his license is an element of the crime." *Grogan*, 482 N.E.2d at 303. Thus, under *Grogan, Sewell,* and *Roberts,* the only two elements necessary for the state to prove to convict of violation of I.C. § 9–1–4–52

were (1) that Keihn drove a vehicle (2) while his license was suspended. That burden was met.

To be sure, there is a division of authority on the question of whether proof of a *mens rea* is necessary to sustain a conviction for driving while suspended. Among cases holding no *mens rea* is involved are *People v. Morrison* (1986), 149 Ill.App.3d 282, 102 Ill.Dec. 549, 500 N.E.2d 442, *cert. denied* — U.S. —, 107 S.Ct. 3187, 96 L.Ed.2d 675; *People v. Stevens* (1984), 125 Ill.App.3d 854, 81 Ill.Dec. 519, 466 N.E.2d 1321; *State v. Pickering* (1983), La.App., 432 So.2d 1067; *State v. Antonsen* (1987), Me., 525 A.2d 1048; *State v. Coady* (1987), Minn.App., 412 N.W.2d 39; *State v. Morrison* (1982), 2 Ohio App.3d 364, 442 N.E.2d 114. On the other hand, it has been held that proof of either actual or legal notice is required to convict one of driving while suspended. *See e.g., Jeffcoat v. State* (1982), Alaska App., 639 P.2d 308; *State v. Jennings* (1986), 150 Ariz. 90, 722 P.2d 258; *Sumner v. State* (1987), 184 Ga.App. 374, 361 S.E.2d 536; *Barrett v. State* (1985), 173 Ga.App. 452, 326 S.E.2d 816; *Zamarripa v. First Judicial Dist. Ct.* (1987), Nev., 747 P.2d 1386; *Commonwealth v. Gray* (1986), 356 Pa.Super. 299, 514 A.2d 621, *Alloc. denied.*

An apparent conflict exists in our own decisions in that in cases involving charges of driving after having been determined to be an habitual traffic offender under

---

1.  Ind.Code § 9–1–4–52 provides:

"(a) A person may not operate a motor vehicle upon the public highways while his driving privilege, license, or permit is suspended or revoked. A person who violates this subsection commits a Class A misdemeanor.

"(b) Notwithstanding subsection (a), if:

(1) a person operates a motor vehicle upon the public highways while his driving privilege, license, or permit is suspended or revoked; and

(2) the person's suspension or revocation was a result of his conviction under IC 9–11–2 or failure to comply with IC 9–11–4–12;

the person commits a Class A misdemeanor. However, notwithstanding IC 35–50–3–2, a person who violates this subsection shall be imprisoned for a fixed term of not less than sixty (60) days and not more than one (1) year.

Notwithstanding IC 35–50–3–1, the court may not suspend any part of the sentence except that part of the sentence exceeding sixty (60) days.

"(c) In addition to any other penalty imposed for a conviction under this section, the court shall recommend that the person's driving privileges be suspended for a fixed period of not less than ninety (90) days nor more than two (2) years.

"(d) The department, upon receiving a record of conviction of any person upon a charge of driving a vehicle while that person's driving privilege, permit, or license was suspended, shall extend the period of suspension for a fixed period of not less than ninety (90) days nor more than two (2) years. The commissioner shall fix this period in accordance with the recommendation of the court that entered the conviction."

Indiana Code section 9–12–3–1,[2] we have imposed a requirement of proof of notice, either actual or constructive. *Stanek v. State* (1988), Ind.App., 519 N.E.2d 1263; *Hunter v. State* (1987), Ind.App., 516 N.E.2d 73, *trans. denied; Burdine v. State* (1987), Ind.App., 510 N.E.2d 1385. In *Burdine* we said that the offense of driving after having been judged to be an habitual traffic offender required proof that the defendant knew or reasonably could have known his license had been suspended as a result of the adjudication, or that notice of impending suspension had been mailed to him. This court in *Burdine* reached its conclusion that a *mens rea* was an element of the offense of driving after having been determined to be an habitual traffic offender under I.C. § 9–12–3–1 by reviewing the history of that statute. The court stated:

"In light of the fact that the statutory prohibition implicitly incorporated an element of culpability at the time of its inception, and in the absence of a clear expression of a contrary intent in the language or subsequent history of the offense, [Citation omitted.] ... we invoke the canon of statutory construction which requires that ambiguity in a criminal statute be resolved in favor of the accused. [Citations omitted.] Accordingly, we recognize that the existence of a mens rea is the rule rather than the exception in Anglo–American jurisprudence. [Citations omitted.]"

*Burdine,* 510 N.E.2d at 1389.

Whether the court's construction of I.C. § 12–3–1 in *Burdine* is correct is not before us in this case. Here, we are concerned with a violation of I.C. § 9–1–4–52. We find nothing ambiguous in the statute now before us. Neither do we find any legislative intent to incorporate an element of *mens rea* into the offense. We are unwilling to extend the holding in *Burdine* and its progeny to charges under I.C. § 9–1–4–52. We adhere to our decisions in *Grogan, Sewell,* and *Roberts.*

Even if we were to hold that the state was required to prove Keihn had knowledge or actual or constructive notice of his suspension, which we do not hold, Keihn's admission to Officer Brown that his license was suspended provides such proof. The Court of Appeals of Georgia, a state which requires proof of actual or legal notice to the defendant that his license has been suspended, affirmed a conviction where the defendant acknowledged his license had been suspended. *Barrett* 173 Ga.App. at 374, 361 S.E.2d at 536. This is the case here.

We determine the trial court erred in its decision on the reserved question.[3]

SULLIVAN, J., concurs with separate opinion.

ROBERTSON, J., dissents with separate opinion.

SULLIVAN, Judge, concurring.

I concur and in doing so would reemphasize the statement by the majority concerning the requirement, *vel non,* of proof of a mens rea.

I am unable to reconcile various cases decided by the First and Third Districts of this Court. Somewhat more disconcerting is the fact that I am unable to reconcile the two decided by the First District, *Burdine v. State* (1987) 1st Dist. Ind.App., 510 N.E. 2d 1385, *trans. denied,* and *Grogan v. State* (1985) 1st Dist. Ind.App., 482 N.E.2d 300, *trans. denied;* nor am I able to reconcile *Sewell v. State* (1983) 3d Dist. Ind.

2. Ind.Code § 9–12–3–1 provides:
   "(a) A person who operates a motor vehicle:
   (1) while the person's driving privileges are suspended under IC 9–12–2; or
   (2) in violation of restrictions imposed under IC 9–12–1;
   commits a Class D felony.
   "(b) In addition to any criminal penalty, a person who is convicted of a felony under subsection (a) forfeits the privilege of operating a motor vehicle for life. However, if judgment for conviction on a Class A misdemeanor is entered for an offense under subsection (a), the court may order a period of suspension of the convicted person's driving privileges that is in addition to any suspension of driving privileges already imposed upon the person."

3. The acquittal of the defendant stands. Our opinion decides only the question of law. 8A I.L.E. Criminal Law, § 722 (1971).

**750**

App., 452 N.E.2d 1018, with *Stanek v. State* (1988) 3d Dist. Ind.App., 519 N.E.2d 1263.

In any event, however, I concur with the holding of the majority here that neither intent to violate the law nor knowledge of the suspension is essential to the conviction.

ROBERTSON, Judge, dissenting.

I respectfully dissent based upon the rationale expressed in *Burdine v. State* (1987), Ind.App., 510 N.E.2d 1385.