THE PEOPLE *ex rel.* LARRY VANDERSNICK, State's Attorney, Henry County, Illinois, Plaintiff-Appellant, v. ONE 1987 DODGE CHARGER AUTOMOBILE VEHICLE IDENTIFICATION NUMBER 1B3BZ44C5HD525894, Defendant-Appellee (John C. Bielunski, Interpleader-Appellee).

Third District   No. 3—88—0776

Opinion filed January 26, 1990.

STOUDER, J., dissenting.

Larry VanDerSnick, State's Attorney, of Cambridge (Gary F. Gnidovec,

of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

Thomas W. Montgomery, of Cambridge, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:
The State appeals from a judgment denying forfeiture of a 1987 Dodge Charger automobile. The State contends that the automobile was used to facilitate the commission of the offense of unlawful possession of a controlled substance and therefore is subject to forfeiture under section 36—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 36—2).

The record reveals that on August 17, 1988, the State filed a complaint for forfeiture against a 1987 Dodge Charger automobile registered to David J. Bielunski (defendant). The complaint alleged that the automobile was used with the consent and knowledge of the defendant in the commission of the offense of unlawful possession of a controlled substance. (Ill. Rev. Stat. 1987, ch. 56½, par. 1402(b).) The defendant filed an answer, denying that the automobile had been used in the commission of a drug offense. Additionally, John C. Bielunski, defendant's father, filed a motion and a petition to intervene as well as a petition to register judgment. John C. Bielunski (interpleader) also filed an answer to the complaint. The judge granted the interpleader's motion to intervene, and a hearing on the State's complaint was conducted.

At the hearing the following information was revealed. Defendant's vehicle was observed proceeding through a stop sign without stopping by a Geneseo police officer and an Illinois State trooper. The two law enforcement officers gave pursuit and stopped the vehicle. The trooper approached the driver's side of the vehicle while the police officer approached the passenger side. As the police officer approached, he observed a passenger in the front seat, William Meyers, glance back toward the trooper. Meyers then opened the glove compartment and placed an object into the glove compartment. He then closed the glove compartment and looked straight ahead as the police officer stood alongside the window.

The police officer observed an open bottle of alcohol on the right rear floor. The police officer ordered Meyers out of the vehicle. For his own safety, the police officer opened the glove compartment and discovered several items. These items included a Tupperware container, a clear bottle containing a white powdery residue, a grinder, a mirror, a razor blade and a straw. A field test subsequently revealed

that the contents of the Tupperware container tested positive for cocaine.

The car was registered to the driver, defendant David Bielunski of Marshalltown, Iowa. The defendant was subsequently taken into custody, advised of his rights and questioned. The defendant admitted that he knew that cocaine was concealed in the glove compartment of the car. The defendant eventually pled guilty to the offense of unlawful possession of a controlled substance pursuant to a negotiated plea. His guilt was based upon a theory of constructive possession.

Although the automobile was registered in David Bielunski's name, there was some confusion as to who actually owned the automobile. John Bielunski bought the automobile in 1986 and registered it in his name. John agreed to sell the automobile to his son, and David was to attempt to make monthly payments on the automobile. The car was to remain in John's name. John had previously done this for other of his children.

However, in December 1986, David Bielunski was convicted of operating a motor vehicle while under the influence in Iowa. John Bielunski testified that the insurance on his automobiles would greatly increase unless he took his son off the policy. In January 1987, the registration of the automobile was placed in David's name. David had possession and control of the automobile from January 1987 until his arrest in August of 1988. David had not paid anything toward the purchase price of the automobile, as he and his father had agreed to defer payment until David had completed his education. John testified that he had no knowledge that the car was being used for illegal purposes. John did not have a lien on the car when the complaint was filed. There was only an oral agreement between the two that David would repay him for the automobile.

The judge denied the complaint for forfeiture and ordered the automobile released to the interpleader. The judge based his decision on two findings. First, that the vehicle in question did not afford the passenger the exclusive means of privacy and the automobile in no way facilitated the commission of the offense. Second, John Bielunski had a sufficient interest in the automobile to be considered an "owner" under the statute. Since the interpleader, as an owner, neither knew nor consented to the criminal activity, the forfeiture statute should not be applied to him.

The issue on appeal is whether the trial court erred in refusing to order the forfeiture of the vehicle. The State contends that the trial judge's findings that (1) the interpleader was an "owner" for purposes of section 36—2(a) (Ill. Rev. Stat. 1987, ch. 38, par. 36—2(a)),

and (2) the State failed to establish that the vehicle was used in or otherwise facilitated the commission of the offense charged were against the manifest weight of the evidence. We agree and reverse the order of the trial court denying forfeiture of the vehicle.

On review an appellate court will not reverse a trial judge's order regarding forfeiture unless the ruling is against the manifest weight of the evidence. (*People v. Strong* (1986), 151 Ill. App. 3d 28, 502 N.E.2d 744.) The forfeiture proceeding is civil in nature. As such, the State need only prove by a preponderance of the evidence its right to have the property forfeited. (*People ex rel. Power v. One 1979 Chevrolet Camaro* (1981), 96 Ill. App. 3d 109, 420 N.E.2d 770.) It is with this perspective that we turn to the case before us.

The trial court determined that the interpleader was an "owner" of the vehicle under section 36—2(a). The court concluded that the interpleader neither knew nor consented to the criminal activity of either the defendant or the defendant's passenger. As a result, the court found the forfeiture to be inappropriate.

■ In regard to who is an "owner" for purposes of section 36—2(a), the court in *People v. Dugan* (1984), 125 Ill. App. 3d 820, 830, 466 N.E.2d 687, stated: "The word 'owner' may be used to describe one who has dominion or control over a thing, the title to which is in another."

■ Interpleader contends, and the trial court found, that although the automobile registration was in defendant's name alone, interpleader was the true owner of the vehicle. We cannot agree. The interpleader bought the vehicle in November 1986 and had it titled in his own name. However, due to circumstances, the interpleader transferred title from his name to that of the defendant. Although defendant and interpleader had an oral agreement whereby defendant was to repay interpleader for the vehicle, the interpleader never recorded his interest in the vehicle and defendant never made any payments in relation to this agreement. Additionally, defendant had exclusive use of the vehicle from its purchase in November 1986 until his arrest in August 1988.

Therefore, it is apparent that interpleader had no legally recognizable interest in the vehicle and exerted no control or dominion over the vehicle, as it was in the exclusive possession of the defendant. For these reasons we believe the trial court's determination that the interpleader was an "owner" for purposes of section 36—2(a) went against the manifest weight of the evidence, and, accordingly, he should not have been allowed to contest the forfeiture of the vehicle.

■ We next consider whether the vehicle facilitated the criminal

offense. The trial court determined that the vehicle did not afford the passenger the exclusive means of privacy and that the vehicle in no way facilitated the commission of the offense. The court found forfeiture in this situation would be inappropriate. We disagree.

It should first be noted that the vehicle need not afford one with the *exclusive* means of privacy, it need only facilitate the commission of the possession offense. To the extent that the vehicle adds a dimension of privacy, it facilitates the possession offense. *People ex rel. Mihm v. Miller* (1980), 89 Ill. App. 3d 148, 411 N.E.2d 592.

The Illinois Supreme Court recently addressed a similar question of whether a vehicle was used in a manner which facilitated a possessory drug offense. The case, *People v. 1946 Buick, VIN 34423520* (1989), 127 Ill. 2d 374, 377, 530 N.E.2d 748, held that the key word in a similar possessory drug offense statute was "facilitate," and the court further defined "facilitate" as "to make easier or less difficult."

■ In the instant case, defendant admitted that he knew that his passenger was in possession of cocaine. Defendant was aware of this fact for over one hour, yet failed to ask his passenger to exit the vehicle or dispose of the contraband. While the defendant and his passenger were in Geneseo prior to the traffic stop, defendant observed his passenger place the Tupperware container containing cocaine into the glove compartment. It is a reasonable inference that the defendant knew why his passenger was doing this, that being to decrease the possibility that someone would view the container or the drug paraphernalia through the windows of the vehicle.

It seems apparent that the passenger's action after the traffic stop indicated that he again believed that the glove compartment would offer a measure of privacy to the contraband. Defendant did nothing to stop his passenger from taking this action. We conclude that the vehicle did facilitate the possessory drug offense as it did add a measure of privacy. Certainly the possession of the cocaine was made easier by its concealment in the glove compartment.

The defendant relies on *People ex rel. Barra v. Lee* (1984), 128 Ill. App. 3d 128, 470 N.E.2d 46, contending that here, as in *Lee*, the vehicle did not facilitate the commission of the possessory drug offense. *Lee* is distinguishable from the instant case. In *Lee* the controlled substance was contained within a purse that was inside the vehicle. Since the purse would not have attracted any attention, the court held that the vehicle did not facilitate the drug offense. In the instant case, the Tupperware container as well as a clear bottle containing white powdery residue, a grinder, a mirror, a razor blade and a straw were discovered inside the glove compartment. These items, viewed collec-

tively, are very different from a purse. If a law enforcement officer were to observe these items located within a vehicle, he or she would infer that the otherwise innocent-looking Tupperware container might contain contraband. Thus, in this case the glove compartment, as a part of the vehicle, served the purpose of adding a dimension of privacy to the possession of the contraband.

We are of the opinion that this ruling, as well as the decision allowing the interpleader to contest the forfeiture, went against the manifest weight of the evidence. For the reasons listed above, we reverse the circuit court of Henry County and order that the 1987 Dodge Charger automobile be forfeited to the State.

Reversed and remanded to the circuit court of Henry County for the entry of appropriate forfeiture orders in accordance with this opinion.

Reversed and remanded.

SCOTT, J., concurs.

JUSTICE STOUDER, dissenting:

I respectfully disagree with that part of the majority's opinion which reverses the judgment of the trial court holding that the defendant was not the owner of the motor vehicle. In my view of the record, the trial court's decision the defendant was not the owner of the motor vehicle is not against the manifest weight of the evidence. In other words, I believe the majority's holding that as a matter of law the defendant was the owner of the motor vehicle is in error.

As shown by the record, prior to the registration of the motor vehicle in the name of David J. Bielunski, the defendant, the vehicle was registered in the name of John C. Bielunski, the defendant's father. According to the testimony of both the defendant and his father, the vehicle title was transferred to the son because the increase in insurance rates resulting from David's driving record would have applied not only to the vehicle in question but to other vehicles owned by the father. This evidence is undisputed and uncontradicted. The credibility of the testimony was not questioned. In addition the assertion by the defendant and his father that no change in ownership occurred at the time the title to the car was transferred from the father to the son is unrefuted.

Under this state of the evidence, I believe there is ample evidence to support the conclusion of the trial court that John C. Bielunski was the owner of the vehicle. To hold otherwise, as does the majority, is to

disregard entirely the evidence supporting the judgment of the trial court. This is one of those cases where at best a factual dispute existed and its resolution was within the province of the trial court.

The majority appears to view the evidence as if the State were a creditor entitled to rely on the registration of the vehicle as irrefutable evidence of ownership. However, the State is not in the position of a creditor. It did not rely on the car registration to its detriment, and the arrangement between the parties at the time it occurred did not and could not have been a fraud against the State. In this connection it should be noted that an Iowa court in an action between the defendant and his father declared the father to be the owner of the vehicle. While this event took place after the arrest in this case and the State of Illinois was not a party to the proceeding, it is additional evidence supporting the trial court's judgment.

In summary, I believe the trial court's judgment denying forfeiture of the vehicle because of nonownership by the defendant is supported by sufficient evidence, and I would therefore affirm the judgment.