## 68843. BENSON v. THE STATE.
### (322 SE2d 339)

QUILLIAN, Presiding Judge.

The defendant, Fred Benson, appeals his conviction for possession of cocaine in violation of the Georgia Controlled Substances Act. Lieutenant Donnie Chavous of the Richmond County Police Department received a telephone call on March 19, 1983, from an informant

he had known for approximately five years. The informant had previously given him and other members of the police information which had led to arrests. He testified that "all the information that I have ever received from him has been true and correct." The informant advised him that Fred Benson was at Oak Village, a housing complex in Augusta. He was at the home of Lawrence King, a known dealer in drugs. Benson was driving a blue Volkswagen Rabbit with South Carolina plates. The informant said that Benson was in possession of cocaine which had been hidden in a key lock box under the bumper. Lt. Chavous did not have time to get a search warrant, but he and three other detectives drove immediately to the Oak Village housing complex. As they entered they saw Benson leaving, driving a blue VW Rabbit with South Carolina license plates. Det. Chavous turned and followed Benson until he could stop the car. Chavous searched under the front bumper and removed a black magnetic key box. The box contained approximately 10 to 11 grams of cocaine. Benson was placed under arrest and he was "patted down." Benson had four syringes in his right pants pocket. A search was made of the car he was driving. Two straws were found in the car's glove compartment. The straws had a white powder residue in them. Testing confirmed that it was cocaine. A package of razor blades was found in the car along with a set of plastic scales. A detective testified that razor blades are used for cutting up cocaine and placing the cocaine in a line so that it can be "snorted" through straws by closing one nostril. He also testified to converting powdered cocaine into a liquid by heating it and using a syringe to inject it into the bloodstream.

Benson testified that he lives in South Carolina and the VW belongs to his wife. He had never seen the cocaine before the officer found it underneath his car's bumper. Neither does he know where the straws came from. His daughter sometimes uses straws to drink soft drinks. He purchased the syringes for his sister who is a diabetic. The scales belonged to King and he was not aware of his reputation as a drug dealer. Benson brings this appeal from his conviction before a jury. *Held*:

The defendant's sole enumeration of error is that there was "no direct evidence that the appellant was the owner of the drug . . . but the undisputed evidence shows that several persons had equal access to said drug." We find this argument unpersuasive. This Court addressed the same issue in *Fears v. State*, 169 Ga. App. 172 (312 SE2d 174). We held that in the absence of any circumstances to the contrary, a presumption arises from proof of ownership or control of premises, or an automobile, that the owner or possessor is in control and possession of the contraband found therein. 169 Ga. App. at 173. "*If the only evidence of possession* of contraband found in an automobile *is that the defendant is the owner, the driver, or is in posses-*

*sion* of the vehicle, *and there is evidence of prior use of the vehicle* by other parties in the recent past *or equal access* to the accessible portions of the vehicle by other parties, then . . . [the] *equal access rule would demand an acquittal.* However, if there is additional evidence of possession of contraband by the accused — either circumstantial or direct, other than mere ownership, use or possession of the vehicle, then an issue is made for the jury . . ." 169 Ga. App. at 173. Here, as in *Fears*, there is other evidence and an issue was made for the jury. There was evidence that the defendant possessed syringes which could be used in the ingestion of cocaine. Straws and razor blades were found in the car in his possession which could also be used to ingest cocaine and cocaine residue was found in the straws.

Although the remaining evidence is circumstantial, a jury issue was formed and we will not substitute our judgment for that of the jury. "The rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence exclude every reasonable hypothesis except the guilt of the accused, not that it removes every possibility of his innocence." *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528). On appeal we must view the evidence in a light favorable to the verdict, and we find that the evidence is sufficient to enable any rational trier of facts to find the existence of the offense charged beyond a reasonable doubt. *Rutledge v. State*, 245 Ga. 768, 769 (267 SE2d 199); Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED SEPTEMBER 17, 1984.

*Howard P. Jolles, Daniel J. Craig*, for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.