## 69522. BARRETT v. THE STATE.
### (326 SE2d 816)

Sognier, Judge.

Appellant was convicted of driving while his license was suspended.

1. Appellant appeals on the general grounds, contending that the State did not prove that he received notice his license was suspended and, therefore, his conviction cannot stand. Appellant relies on *State v. Orr*, 246 Ga. 644 (272 SE2d 346) (1980), which held that absent proof by the State of actual or legal notice to the defendant a conviction for driving while one's license is suspended cannot be sustained.

In the instant case a police officer who knew that appellant's license was suspended testified that he observed appellant driving his car and stopped him. Appellant did not have his driver's license and acknowledged to the officer that his license had been suspended. Four persons testified that at the time appellant was allegedly driving his car, it was in the shop for routine maintenance and washing. Appellant testified that at the time he was allegedly driving, he was being driven by an employee of his convalescent home to arrange admission of a patient to a local hospital.

Appellant contends that OCGA § 50-13-18 (c) makes notice of suspension an essential element of the offense of driving while one's license is suspended, which was not proven by the State. However, § 50-13-18 (c) relates to notice *prior* to suspension proceedings, not notice that one's license has been suspended. Thus, it has no application here. Nevertheless, we agree that actual *or* legal notice to the defendant that his license has been suspended is an essential element of driving after one's license has been suspended. *Orr*, supra. Here, appellant acknowledged that his license had been suspended, so it follows that he had received either actual or legal notice of such suspension. Although four defense witnesses testified that appellant's car was in the shop at the time the policeman testified appellant was driving, this was a question of credibility of witnesses, which is for determination by the jury. *Armour v. State*, 154 Ga. App. 740 (270 SE2d 22) (1980). Hence the evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred by failing to charge on the proper use of circumstantial evidence. This contention is without merit, as the evidence of all witnesses was direct evidence. Where there is some direct evidence in the case it is not error to fail to charge on circumstantial evidence. *Lane v. State*, 153 Ga. App. 622 (3) (266 SE2d 298) (1980).

3. Appellant contends the trial court erred by denying his motion for a mistrial based on prosecutorial misconduct. The alleged misconduct occurred when the prosecuting attorney asked a defense witness on cross-examination if he did not have four or five drunk driving convictions himself. Appellant's objection to this question was sustained and his motion for a mistrial was denied. The trial court then instructed the jury that the prosecutor's question was improper and directed them not to consider the question in any way. Appellant contends the prosecutor's question was so prejudicial it tainted the witness' testimony and, therefore, it was error to deny his motion for a mistrial. We do not agree.

In a similar situation to that presented here, this court held that the court's instruction to the jury was sufficient to eliminate the effect of the question. *Geiger v. State*, 129 Ga. App. 488, 498 (6) (199 SE2d 861) (1973). Further, appellant did not ask for additional instructions nor did he renew his motion for a mistrial; thus, this issue has not been preserved for appellate review. *Fambro v. State*, 165 Ga. App. 445, 447 (4) (299 SE2d 114) (1983).

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 7, 1985.

*Howard T. Scott*, for appellant.

*Ken Stula, Solicitor, Kent Lawrence, Assistant Solicitor*, for appellee.