74995. SUMNER v. THE STATE.
(361 SE2d 536)

SOGNIER, Judge.

Appellant was convicted at a bench trial of driving with a suspended license and he appeals on the general grounds.

The evidence disclosed that appellant was observed driving by Marty Hooks, a member of the Treutlen County Sheriff's Department, who knew that appellant had had a problem with his driver's license. Appellant pulled into a service station and went inside; Hooks pulled in behind appellant's car and when he came back outside, Hooks asked: "Wayne, have you got your driver's license back yet?" Appellant replied: "Marty, you know I hadn't got them back yet."

Hooks then informed appellant that he (Hooks) was going to charge appellant, because he could not charge other people and not charge appellant, knowing that he did not have a driver's license.

This was the only evidence presented by the State, and appellant argues that such evidence is not sufficient to sustain his conviction because the State failed to prove appellant had received notice that his license was suspended. We agree and reverse.

We note initially that such evidence does not even establish that appellant's driver's license had been suspended, but only shows that appellant did not have a license in his possession at the time he was stopped. Although the State argues that it presented evidence that appellant had a prior conviction for a similar offense, the trial court specifically refused to admit such evidence and stated that it would not consider such evidence.

One of the elements of driving while one's license is suspended is notice to the defendant of action in suspending the license, and absent proof by the State of actual or legal notice to the defendant a conviction for that offense cannot be sustained. *State v. Orr*, 246 Ga. 644 (272 SE2d 346) (1980); *Barrett v. State*, 173 Ga. App. 452 (1) (326 SE2d 816) (1985). Appellant's statement that he had not gotten his license back yet is not proof that his license had been suspended, or if so, that he had actual or legal notice that his license had been suspended. The only evidence relating to appellant's driver's license was his own testimony that the "Sheriff's Department or State Patrol or somebody had them, I didn't have them." There was no explanation as to why one of those agencies, or "somebody," had appellant's license. Such testimony is not evidence that the license had been suspended; in fact, at the time of trial appellant had a valid driver's license which was introduced into evidence.

The State's reliance on *Barrett*, supra, is misplaced, because in *Barrett* the defendant acknowledged to the arresting officer that his (the defendant's) license was suspended. Here, there was no such acknowledgement, and in the absence of evidence that appellant's license had been suspended and that he had actual or legal notice of such suspension, his conviction cannot be sustained. *Orr*, supra.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 29, 1987.

*B. H. Baldwin*, for appellant.
*J. Clayton Burke, Jr., Solicitor*, for appellee.