## A89A1807. DUVALL v. THE STATE.
(390 SE2d 647)

COOPER, Judge.

Appellant was convicted of violating the Georgia Controlled Substances Act by possessing cocaine with intent to distribute, and of

possession of a firearm.[1] On appeal, appellant contends that the trial court erred in denying his motion to suppress. As the arresting officer was talking to the driver of a car stopped for not having a license tag, appellant, who was following in his car with a female passenger, parked his car in the lot of a nearby building, approached the officer, and informed him that the stopped car belonged to appellant. The officer asked appellant for a driver's license and proof of insurance for both cars, at which time appellant returned to the car he was driving to look for those items. Upon not being able to produce his driver's license or proof of insurance after returning a second time to his car, appellant was arrested for driving without a license and insurance. The officer then impounded the car and conducted an inventory search, during which a gun and a bag containing drug paraphernalia and cocaine were found in the passenger compartment.

Appellant contends that the impoundment of his car was invalid, therefore making the inventory search unlawful. "It is well settled that a police officer is authorized to make an inventory of the contents of a vehicle that has been impounded." *State v. Gilchrist*, 174 Ga. App. 499 (1) (330 SE2d 430) (1985). Appellant argues that since his car was legally parked, it was unnecessary to remove it, and that an alternative to impoundment existed because appellant's female companion could have driven the car. "[T]he ultimate test for the validity of the police's conduct [in impounding a vehicle] is whether, under the circumstances then confronting the police, their conduct was reasonable within the meaning of the Fourth Amendment." *Jones v. State*, 187 Ga. App. 421, 424 (370 SE2d 784) (1988). We find that it was reasonable for the officer to impound the car since there was potential liability involved in allowing the car to remain unattended in a parking lot of a business. See *Jones*, supra. Also, it was not unreasonable for the officer to refuse to allow appellant's female companion to drive the car, since there was no proof of any insurance on the car. Appellant's reliance on *Strobhert v. State*, 165 Ga. App. 515 (301 SE2d 681) (1983), is misplaced because in *Strobhert* the vehicle was unconnected to the arrest. *Oswell v. State*, 181 Ga. App. 35 (351 SE2d 221) (1986).

Finally, we find that the search of appellant's car was reasonable as a search incident to a lawful arrest. At the time of the search, appellant was under arrest for driving without a license and no proof of insurance. "A policeman who has made a lawful custodial arrest of the occupant of an automobile may, as a contemporaneous incident of

---

[1] Appellant was arrested on July 9, 1988. A jury returned a guilty verdict on May 4, 1989, and sentence was entered on May 5, 1989. A notice of appeal was filed on May 10, 1989. The case was docketed on June 26, 1989. Appellant's brief was filed on July 17, 1989, and the State's brief was filed on August 7, 1989. The case was submitted in September 1989.

that arrest, search the passenger compartment of that automobile. [Cit.]" *Jones v. State*, supra at 423. Accordingly, the trial court did not err in denying the motion to suppress.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 6, 1990.

*Vernon S. Pitts, Jr., Penny A. Penn,* appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Joyce M. Averils, Assistant District Attorneys,* for appellee.