A97A0015. STALEY v. THE STATE.
(482 SE2d 459)

BLACKBURN, Judge.

Melvin Staley appeals his convictions for possession of cocaine with intent to distribute, driving with a suspended license, and driving without proof of insurance. Staley was stopped for speeding, and he told the officer that his license was suspended. After this information was verified, Staley was arrested and his truck was impounded. An inventory search of the truck revealed 8.9 grams of cocaine. Staley contests the trial court's denial of his motion to suppress, challenges the sufficiency of the evidence supporting his conviction, and claims the trial court erred in allowing the testimony of a witness who violated the rule of sequestration.

1. Staley claims the trial court erred in denying his motion to suppress. He argues that his arrest, the impounding of his truck, and the inventory search of his truck were illegal, and therefore the cocaine found in the truck should have been suppressed as the fruit of the poisonous tree. "A trial court's order on a motion to suppress will not be disturbed if there is any evidence to support it, and the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous." *Hobdy v. State*, 222 Ga. App. 625, 626 (475 SE2d 686) (1996).

Staley claims his arrest was illegal because the initial stop of his vehicle lacked probable cause. The evidence shows that Officer Frank Day observed Staley speeding. By driving behind Staley and measuring his speed against the patrol car speedometer, Day determined that Staley was driving 72 mph in a 55 mph zone.[1] Observation by a police officer of an individual violating the traffic laws gives the officer "probable cause to stop the vehicle and investigate the incident." *Mallarino v. State*, 190 Ga. App. 398, 400 (2) (379 SE2d 210)

---

[1] Staley argues that the method which was used to determine his speed is questionable. However, Officer Day was certified to visually estimate speed; he visually estimated Staley's speed at between 70 and 75 mph; and he paced Staley's speed at 72 mph.

(1989). Staley's argument that his motion to suppress should have been granted because his arrest resulted from a pretextual stop is therefore without merit.

Staley also argues that his motion to suppress should have been granted because his truck was illegally impounded. He claims the impoundment was illegal because Day did not permit Staley to make alternative arrangements for his vehicle. "The ultimate test for the validity of the police's conduct in impounding a vehicle is whether, under the circumstances then confronting the police, their conduct was reasonable within the meaning of the Fourth Amendment." (Punctuation omitted.) *Duvall v. State*, 194 Ga. App. 420, 421 (390 SE2d 647) (1990). Day's conduct in impounding the vehicle was reasonable, as no one Staley might have called could have lawfully driven the truck because Staley could not present proof of insurance for the truck. See id. at 421 (reasonable to impound car instead of allowing defendant's companion to drive it where there was no proof of insurance). Day testified that it was standard procedure within the Eatonton Police Department for the arresting officer "[t]o impound a vehicle that does not have any proof of insurance on it." Additionally, the truck was sitting in the turn lane of the road, in the lane of travel. It was reasonable for Day to impound it in order to prevent a potential traffic hazard. See *Williams v. State*, 204 Ga. App. 372, 374 (419 SE2d 351) (1992) (reasonable to impound where, inter alia, defendant had no driver's license and car was in a dangerous position on roadway).

Staley argues, however, that he should have been permitted to choose his own wrecker service instead of being forced to use the one called by the police. However, although the record indicates that Staley did ask if he could have someone come and pick up his truck, there is no evidence that he ever made a request for a wrecker service at all, much less a specific wrecker service. Given the lack of proof that the truck was insured, Staley's inability to drive the truck due to his suspended license, the fact that the truck was sitting in the lane of travel on the roadway, and Staley's failure to make any request regarding a wrecker service, it was not unreasonable under the Fourth Amendment and the circumstances facing Day at the time for him to call a wrecker and have the truck impounded.

Staley also argues that the trial court should have granted his motion to suppress because the inventory search of his truck upon impoundment was illegal. In support of this argument, he cites *Florida v. Wells*, 495 U. S. 1 (110 SC 1632, 109 LE2d 1) (1990). In that case, the Supreme Court acknowledged that police can have some latitude to determine which containers to open and which not to open, but held that where a police department had no policy whatever or established routine with respect to the opening of closed

containers during inventory searches, the opening of closed containers during such searches violated the Fourth Amendment. Id. at 4, 5. Staley argues that because the Eatonton Police Department had no policy with respect to opening closed containers during inventory searches, and because the cocaine was discovered in a closed toolbox which the police opened in the bed of his truck, the search violated his Fourth Amendment rights.

The evidence in the record does not support Staley's argument. Unlike the situation in *Florida v. Wells*, there was evidence in this case that the Eatonton Police Department *had* a policy regarding opening closed containers during inventory searches. According to longstanding department policy, all parts of a vehicle were to be inventoried, including all containers. This procedure had been used for at least 11 years. Staley's argument based upon *Florida v. Wells* is therefore without merit, and as "[i]t is well settled that a police officer is authorized to make an inventory of the contents of a vehicle that has been impounded," Staley's general arguments that his vehicle should not have been searched are also without merit. (Punctuation omitted.) *Duvall*, supra at 421.

2. Staley contests the sufficiency of the evidence supporting his conviction, and also claims the trial court should have directed the verdict in his favor regarding driving with a suspended license.

With respect to the suspended license charge, Staley claims the State presented no evidence that he received actual or legal notice of the suspension of his license. "[A]bsent proof by the State of actual or legal notice to the defendant a conviction for driving while one's license is suspended cannot be sustained." *Barrett v. State*, 173 Ga. App. 452 (326 SE2d 816) (1985). However, Staley admitted to Officer Day at the scene that his license was suspended, and Day testified to this admission at trial without objection. "[A]ppellant acknowledged that his license had been suspended, so it follows that he had received either actual or legal notice of such suspension." Id. Therefore, the trial court did not err in failing to direct the verdict for Staley on the notice issue.

Additionally, the evidence supporting this conviction was sufficient to allow the jury to find beyond a reasonable doubt that Staley committed the offense of driving with a suspended license. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Officer Day witnessed Staley driving, then verified the suspension of his license upon stopping him. No reversal of this conviction is warranted.

With respect to the conviction for driving without proof of insurance, after Day observed him driving, Staley could not produce proof of insurance when stopped. This evidence was sufficient to allow the jury to find beyond a reasonable doubt that Staley committed the offense of driving without proof of insurance. *Jackson v. Virginia*,

supra.

Finally, regarding possession with intent to distribute, 8.9 grams of cocaine were recovered from a toolbox in the bed of Staley's truck, individually packaged in 77 small plastic bags. Cash in the amount of $1,285.09 was also found on his person. The quantity of cocaine, manner of packaging, and large amount of cash found on Staley authorized the jury's finding, beyond a reasonable doubt, that Staley committed the offense of possession of cocaine with intent to distribute. *Jackson v. Virginia*, supra. See also *James v. State*, 214 Ga. App. 763 (449 SE2d 126) (1994) (manner of packaging and large amount of cash, inter alia, constitute evidence of possession with intent to distribute).

3. Staley enumerates as error the trial court's decision to allow a witness who had violated the rule of sequestration to testify. "[A] witness who has violated the rule of sequestration in a criminal case shall not be prevented from testifying. Violation of the rule by any witness in a criminal trial goes to the issue of credibility, not admissibility, of the witness' testimony." (Citation and punctuation omitted.) *Sapeu v. State*, 222 Ga. App. 509, 513 (8) (474 SE2d 703) (1996). This enumeration is therefore without merit.

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 24, 1997.

*Patrice S. Howard*, for appellant.

*Fredric D. Bright, District Attorney, Paul L. Groth, Assistant District Attorney*, for appellee.