A97A1307. KOVACS v. THE STATE.
(490 SE2d 539)

BLACKBURN, Judge.

Charles Frank Kovacs appeals his convictions of driving under the influence of alcohol and driving with a suspended license, contending that there was insufficient evidence to support the convictions. He also contends that the court imposed an excessive sentence on the DUI charge.

1. Kovacs asserts there was insufficient evidence showing that he was under the influence of alcohol to the extent that he was a less safe driver. See OCGA § 40-6-391 (a) (1).

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine

witness credibility. The jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Punctuation omitted.) *McGhee v. State*, 223 Ga. App. 123, 124 (476 SE2d 853) (1996).

Deputy Sheriff Brian Burdett testified that he was driving in his patrol car when he pulled up behind a black Grand Am automobile stopped at a red traffic light. When the light turned green, the automobile did not move. After the light turned yellow, the automobile proceeded to turn right. Burdett followed the automobile and observed it cross the centerline three times within the space of approximately half a mile. Burdett described the manner of driving as "erratic."

After Burdett stopped the automobile, Kovacs got out and started approaching Burdett's patrol car. Burdett testified that Kovacs was not steady on his feet, and that he asked Kovacs to return to his car. Burdett noticed a strong odor of an alcoholic beverage on Kovacs' breath and in his car. He also testified that Kovacs' speech was slurred. Burdett asked Kovacs to submit to a voluntary field sobriety test. He asked Kovacs to stand on one leg. He testified that Kovacs lost his balance and started to fall into the traffic lane, and that he had to grab hold of Kovacs. Kovacs testified at trial that he could not balance himself on his leg because he had had knee surgery.

Burdett placed Kovacs under arrest for driving under the influence, and read him his implied consent rights. Kovacs agreed to submit to a blood test. However, when Burdett pulled into the hospital parking lot for the test, Kovacs stated that he would not take the blood test. Kovacs testified that he did not know they were going to draw blood until he pulled into the parking lot. He testified that he was afraid of needles and requested that Burdett administer a different type of test. Burdett did not perform a different test as Kovacs refused to take the blood test.

Burdett testified that he had made close to 100 DUI arrests, and that in his opinion Kovacs was a less safe driver. Sergeant Terry Thurman testified that he arrived on the scene shortly before Burdett arrested Kovacs. He testified that he smelled alcoholic beverages on Kovacs, that Kovacs' speech was slurred, and that Kovacs was unstable on his feet. He further testified that he had made more than 50 DUI arrests and that, in his opinion, Kovacs was drunk.

At trial, Kovacs testified that he had had only one beer that evening, several hours earlier. However, he admitted that he initially lied to Burdett and told him he had not had anything to drink.

"Driving an automobile while under the influence of alcohol may be shown ‹ by circumstantial evidence." (Punctuation omitted.) *Schoicket v. State*, 211 Ga. App. 636, 637 (2) (440 SE2d 65) (1994).

Although the evidence is in some respects conflicting, "it is solely within the purview of the jury to weigh conflicting evidence and judge the credibility of the witnesses." *Cannon v. State*, 223 Ga. App. 248 (477 SE2d 381) (1996). Viewed in the light most favorable to the verdict, "[t]he evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of being a less safe driver because of being under the influence of alcohol." *Rawl v. State*, 192 Ga. App. 57 (1) (383 SE2d 903) (1989); see also *Schoicket*, supra.

2. Kovacs also contends that the evidence was insufficient to support his conviction for driving with a suspended license. In particular, he contends there was no evidence he was served with notice of his license suspension.

"One of the elements of driving while one's license is suspended is notice to the defendant of action in suspending the license, and absent proof by the State of actual or legal notice to the defendant a conviction for that offense cannot be sustained." *Sumner v. State*, 184 Ga. App. 374, 375 (361 SE2d 536) (1987). However, Kovacs himself testified at trial that he told Burdett that his license had been suspended. Kovacs admitted at trial that he knew he had a suspended license but broke the law and drove. Indeed, during closing argument, Kovacs' attorney admitted Kovacs "was driving on a suspended license, and you may find him guilty of that." "[A]ppellant acknowledged that his license had been suspended, so it follows that he had received either actual or legal notice of such suspension. . . . Hence the evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]." *Barrett v. State*, 173 Ga. App. 452 (326 SE2d 816) (1985).

3. On the DUI charge, the trial court sentenced Kovacs to ten days in jail followed by twelve months probation. Kovacs contends that this sentence violates OCGA § 17-10-3 (a), which provides that misdemeanors shall be punishable by a period of confinement not to exceed 12 months. The State does not contest this enumeration.

"The total period of probation and confinement (if any) may not exceed the maximum time provided as punishment for the crime." (Punctuation and emphasis omitted.) *Tenney v. State*, 194 Ga. App. 820, 821 (392 SE2d 294) (1990); see also OCGA § 42-8-34 (c). Accordingly, the court erred in imposing a total period of probation and confinement in excess of 12 months on the DUI conviction, and this case must be remanded for resentencing on such charge.

*Judgment affirmed in part, reversed in part, and remanded. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 31, 1997.

*Conrad & Abernathy, Eric A. Ballinger,* for appellant.
*G. Channing Ruskell, Solicitor,* for appellee.