A99A1742. THE STATE v. OWENS.
(521 SE2d 860)

JOHNSON, Chief Judge.

In this case, the state appeals the trial court's grant of Timothy Owens' motion to suppress. Owens argued that the initial stop of his vehicle was illegal because it was pretextual. For reasons which follow, we reverse.

The trial court's order states as follows:

> The Court finds that, although the Defendant was operating his vehicle at a speed slightly above the posted speed limit (61 miles per hour in a 55 mile per hour zone), this did not give the arresting officer the articulatible [sic] suspicion to stop the vehicle. The Court finds, therefore, that the stop is illegal.

This finding is clearly erroneous. The United States Supreme Court

has held that when an officer sees a traffic offense occur, a resulting traffic stop does not violate the Fourth Amendment even if the officer has ulterior motives in initiating the stop, and even if a reasonable officer would not have made the stop under the same circumstances. See *Whren v. United States*, 517 U. S. 806 (116 SC 1769, 135 LE2d 89) (1996). Thus, if the driver of a stopped car has broken even a relatively minor traffic law, a motion to suppress arguing that the stop was pretextual must fail. See *State v. Kirbabas*, 232 Ga. App. 474, 477 (502 SE2d 314) (1998); *Buffington v. State*, 229 Ga. App. 450, 451 (494 SE2d 272) (1997).

In this case, Owens was speeding. Therefore, the officer's stop was not illegal. See *Brantley v. State*, 226 Ga. App. 872, 873 (1) (487 SE2d 412) (1997); *Staley v. State*, 224 Ga. App. 806 (1) (482 SE2d 459) (1997). Accordingly, the trial court's order must be reversed.

*Judgment reversed. McMurray, P. J., and Phipps, J., concur.*

DECIDED AUGUST 27, 1999 ▮

*James T. Irvin, Solicitor*, for appellant.
*Christopher W. Duncan, Sean A. Black*, for appellee.