## A99A2192. SMITH v. THE STATE.
(522 SE2d 744)

JOHNSON, Chief Judge.

Bobbie Smith was convicted of possession of cocaine and driving with an expired tag. Viewed in a light most favorable to support the

jury's verdict, the evidence shows that an officer observed Smith pull into the driveway of a house known by the officer as a place where crack cocaine was sold. Smith and her passenger entered the house through a rear door, left ten to twenty minutes later and drove away in the same car.

The officer followed the car a short distance, observed that the vehicle had an expired tag and pulled the car over. He noted that Smith was extremely nervous and hesitant to talk. She was also unsteady, and her eyes were bloodshot. The officer issued her a citation for driving with an expired tag and questioned her concerning the residence she had just left. Smith denied having been at the residence, denied having drugs in her car and consented to a search. A search of the vehicle revealed a rock of crack cocaine on the floor underneath the driver's seat. In addition, a soft drink can located under the passenger seat had been flattened and punctured, apparently for use as a crack pipe. There appeared to be residue on the can.

1. Smith contends her consent to search was not freely and voluntarily given. This argument is without merit.

In *Whren v. United States*,[1] the United States Supreme Court held that when an officer sees a traffic offense occur, a resulting traffic stop does not violate the Fourth Amendment even if the officer has ulterior motives in initiating the stop, and even if a reasonable officer would not have made the stop under the same circumstances.[2] Thus, if the driver of a stopped car has broken even a relatively minor traffic law, a motion to suppress arguing that the stop was pretextual must fail.[3] In this case, Owens was driving with an expired tag. Therefore, the officer's stop was not illegal.[4]

After the legal stop, the officer requested and received permission to search the car. Smith was not threatened or coerced. In fact, Smith was even told that the officer suspected she had illegal drugs in the car. Based on the record before us, the totality of the circumstances supports the trial court's determination that Smith freely and voluntarily consented to the search of the car.[5] The trial court did not err in admitting the evidence.

2. The evidence presented at trial was sufficient to support the jury's guilty verdict for the crime of possession of cocaine. Smith bases her argument on the fact that the cocaine was discovered

---

[1] 517 U. S. 806 (116 SC 1769, 135 LE2d 89) (1996).

[2] See *State v. Owens*, 239 Ga. App. 722 (521 SE2d 860) (1999).

[3] See *State v. Kirbabas*, 232 Ga. App. 474, 477 (502 SE2d 314) (1998); *Buffington v. State*, 229 Ga. App. 450, 451 (494 SE2d 272) (1997).

[4] See *Brantley v. State*, 226 Ga. App. 872, 873 (1) (487 SE2d 412) (1997); *Staley v. State*, 224 Ga. App. 806 (1) (482 SE2d 459) (1997).

[5] See *Maddox v. State*, 227 Ga. App. 602, 605 (4) (490 SE2d 174) (1997); *Lowe v. State*, 214 Ga. App. 92, 93-94 (446 SE2d 532) (1994).

under the passenger's seat and a passenger was in the car. However, the record shows that the cocaine was found under the driver's seat, within Smith's reach. It is undisputed that Smith was, at all relevant times, driving the car and that she was its registered owner.

It is well established that a defendant's possession of cocaine can be based on either direct or constructive possession.[6] Moreover, a presumption arises from proof of ownership or control of an automobile that the owner or possessor controls and possesses the contraband found therein.[7]

In the present case, Smith made no affirmative showing that anyone other than herself had recent access to the cocaine located under her seat. In addition, the evidence showed that Smith had just come from a house in which drugs were regularly sold, that she was nervous, and that her behavior evidenced possible recent drug use. While the evidence was circumstantial, a jury issue was created, and we will not substitute our judgment for that of the jury.[8] On appeal we must view the evidence in a light most favorable to support the verdict. We find that the evidence is sufficient to enable a rational trier of fact to find beyond a reasonable doubt that Smith possessed cocaine.[9]

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 24, 1999.

*James C. Wyatt*, for appellant.
*Tambra P. Colston*, District Attorney, *C. Stephen Cox*, Assistant District Attorney, for appellee.

---

[6] See *Coleman v. State*, 229 Ga. App. 642, 643 (494 SE2d 549) (1997).
[7] See *Benson v. State*, 172 Ga. App. 135, 136-137 (322 SE2d 339) (1984).
[8] See id.
[9] See *Jackson v. State*, 216 Ga. App. 842, 844 (1) (456 SE2d 229) (1995); *Benson*, supra.