A00A1847. HOOD v. THE STATE.
(543 SE2d 71)

BLACKBURN, Presiding Judge.

Following a jury trial, Stanley Hood appeals his conviction for possession of a firearm by a convicted felon, contending that, although he is admittedly a convicted felon, the evidence was insufficient to show that he possessed the firearm in question. For the rea-

---

sons set forth below, we affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Hood] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The . . . verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State*.[1] See *Jackson v. Virginia*.[2]

Viewed in this light, the record shows that, in the early morning hours of December 20, 1996, Hood went to the apartment of an ex-girlfriend. Hood, who was intoxicated, knocked on the door and yelled. Hood's ex-girlfriend then called the police, and Officer Brian Whelchel responded. When Officer Whelchel arrived at the scene, he saw Hood standing alone outside the apartment door. As Officer Whelchel approached, Hood removed a black object from his coat pocket and held it by his side. Officer Whelchel drew his weapon and told Hood to drop the object in his hand. Hood did as he was told, and Officer Whelchel arrested him and took him to the patrol car. Officer Whelchel then returned to the area where Hood was originally standing and found a black handgun on the ground.

This evidence was sufficient to support Hood's conviction. See *Jackson*, supra. And this outcome is not altered by Hood's contention that he never had a gun and that Officer Whelchel's version of the facts was erroneous. In essence, Hood argues that we should believe him, not Officer Whelchel. Such an argument, however, will not be considered by this Court, as matters of credibility must be decided by a jury. *Kovacs*, supra. Accordingly, Hood's conviction must stand.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 28, 2000.

*Juwayn N. Haddad*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.

---

[1] *Kovacs v. State*, 227 Ga. App. 870 (1) (490 SE2d 539) (1997).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).