## A04A1003. THE STATE v. McMILLAN.
### (604 SE2d 233)

SMITH, Chief Judge.

Along with co-defendant Owedia Smith, Terry Leonard McMillan was charged with one count of possession of cocaine with intent to distribute. McMillan was also charged with operating a vehicle without proof of insurance. McMillan filed a motion to suppress evidence seized at the scene, and that motion was granted by the trial court.[1] The State appeals. For the reasons that follow, we conclude that the contraband was seized at a legally authorized roadblock and was inadvertently discovered in plain view during the course of reasonable activities directed toward the safety of the officers on the scene. We therefore reverse.

During the hearing on McMillan's motion to suppress, Edward Pritchett, Jr. testified that while employed as a road patrol officer with the Lowndes County Sheriff's Department, with the approval of the supervisor on the scene, he was assisting with a roadblock at a particular intersection at approximately 10:45 p.m. He and at least three other deputies were conducting a license and insurance check. The area was well lit, at least three marked patrol cars were at the scene, he and the other officers present were in uniform, and all cars approaching the intersection were stopped. Deputy Kevin Farmer, the supervising staff sergeant, confirmed that the purpose of the roadblock was to check licenses and insurance. He testified that no random stops were made.

Pritchett testified that McMillan's car was stopped at the roadblock, and although McMillan presented his Georgia driver's license, his insurance card indicated that it had expired 17 days earlier. Pritchett instructed McMillan to park near the intersection so that he could check the car tag and determine whether McMillan was covered by insurance.[2] Smith was riding in the front seat. McMillan complied, and while waiting to receive information from dispatch, Pritchett walked over to McMillan's car to talk with him. As Pritchett did so, he observed that McMillan was acting in a strange manner and appeared to be placing his right hand between the seats. Thinking that McMillan might be concealing a weapon or other contraband, Pritchett pulled out his firearm and ordered McMillan to raise his hands. McMillan did not immediately respond, and when he finally did obey Pritchett's command, "he kept yelling something about 'what's going on, what's going on.' " Pritchett believed he was being threatened and called for another deputy to assist him. Pritchett ordered McMillan to

---

[1] We note that the trial court was sitting by special designation.

[2] Pritchett ultimately determined that McMillan had insurance on the vehicle.

step out of the car, and he and the other deputy initiated a pat down to determine whether he had a weapon.

Meanwhile, after talking with Pritchett and becoming concerned that McMillan may have placed a weapon between the seats, Farmer moved to the passenger side and asked Smith to step out of the vehicle. He testified that if a gun had been concealed between the seats, he did not want the passenger "to grab that and come out with it." He stated that "[a]s soon as she opened the door and stepped out, laying . . . right there in plain view [were] two round pieces of what appeared to be crack cocaine [lying] in the floorboard." McMillan moved to suppress this evidence.

Believing it was "constrained" to do so, the trial court granted McMillan's motion, based on the location of the suspected contraband. The court stated:

> [I]t's my understanding that just because a person is in the vehicle where the drugs are doesn't mean that they are their drugs. . . . And the information I have is that the drugs were on the passenger side closest to the door on the passenger side, not in the area where it appeared that he was trying to put something.

On appeal, the State contends that the motion was erroneously granted because "the roadblock was legally valid and the inadvertent discovery of the cocaine in plain view was in the course of legitimate actions being taken to insure officer safety." We agree. The roadblock "was authorized by supervisory personnel . . . and was set up for the primary purpose of checking licenses [and] insurance." *Gamble v. State*, 223 Ga. App. 653, 655 (2) (478 SE2d 455) (1996). Uniformed officers conducted the roadblock in a well-lit, well-marked location, and every vehicle was stopped. No random stops were executed. The roadblock was legal. See id. See also *Lutz v. State*, 274 Ga. 71, 74 (3) (548 SE2d 323) (2001); *Hobbs v. State*, 260 Ga. App. 115, 116-117 (1) (579 SE2d 50) (2003). Furthermore, both Pritchett and Farmer were concerned for their safety, which justified Farmer's decision to ask the passenger to step outside the vehicle. See *Carter v. State*, 229 Ga. App. 417, 419 (494 SE2d 108) (1997). The deputies were in a place where they were authorized to be, and contrary to McMillan's argument that Farmer searched the vehicle, the suspected cocaine was inadvertently discovered in plain view after the passenger exited the vehicle.

McMillan correctly argues that on a motion to suppress, a trial court's decision concerning witness credibility must be accepted unless that decision is clearly erroneous. *Martinez-Rodriguez v. State*, 195 Ga. App. 491, 493 (4) (393 SE2d 748) (1990). He goes on to

contend that the trial court found that Pritchett's testimony was not credible. But the trial court made no findings concerning witness credibility. The court found the evidence to be uncontradicted, and without citing any authority, the court based its ruling solely on the location of the contraband. McMillan has cited no authority, and we have found none, for the proposition that the location of the contraband alone mandates suppression or requires a finding that the contraband was not in the driver's possession. On the contrary, "a presumption arises from proof of ownership or control of an automobile that the owner or possessor controls and possesses the contraband found therein." (Citation and footnote omitted.) *Smith v. State*, 240 Ga. App. 150, 152 (522 SE2d 744) (1999).

Of course, the location of the suspected cocaine may well be a subject of instruction by the trial court and argument by defense counsel. And at trial, the evidence may or may not show that McMillan possessed the contraband. See generally *Shirley v. State*, 166 Ga. App. 456-457 (1) (304 SE2d 468) (1983) (conviction reversed because other persons in vehicle had equal opportunity to commit crime, defendant was merely present at scene of crime, and other party had actual possession of drugs). But the evidence presented at the suppression hearing was uncontradicted that the traffic stop was legal, that the officers were justified in their actions, and that the contraband was discovered in plain view inside a vehicle controlled by McMillan. Under these circumstances, we conclude that the deputies' conduct was proper and that the trial court erred in granting McMillan's motion to suppress.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED AUGUST 31, 2004.

J. David Miller, District Attorney, James B. Threlkeld, Assistant District Attorney, for appellant.
Terry L. Schwock, for appellee.