## A10A1362. DOVER v. THE STATE.
### (704 SE2d 235)

DOYLE, Judge.

Following a jury trial, Daniel Dover was convicted of possession of methamphetamine,[1] driving with a suspended license,[2] operating a motor vehicle without proof of insurance,[3] and driving without a seatbelt.[4] He appeals following the denial of his motion for new trial, arguing that the trial court erred by denying his motion to suppress and by denying his motion for a directed verdict of acquittal on the basis that the evidence presented at trial failed to exclude all reasonable hypotheses other than his possession of the methamphetamine.[5] For the reasons that follow, we affirm.

Viewed in favor of the verdict,[6] Georgia State Trooper Matt Sowell observed on Georgia Highway 1 a motor vehicle in which the driver, later identified as Dover, was not wearing a seatbelt. Officer Sowell stopped the vehicle, in which Dover, Dalmous Holbrook, and Holbrook's four-year-old child were riding. Upon checking Dover's license and registration, the officer determined that Dover's license was suspended, the vehicle registration was suspended, and the vehicle was uninsured. Officer Sowell told Holbrook that he and his child could leave as there was no reason to hold them at the time.

Officer Sowell impounded the vehicle because it could not be driven lawfully without insurance, and Holbrook was not properly licensed to operate a motor vehicle. The videotape of the stop shows that Holbrook offered to have someone from his father's business, which was down the road, come remove the vehicle; although in the transcript of the motion to suppress this is discussed as Holbrook offering to have the vehicle towed, in the videotape, Holbrook stated

---

[1] OCGA § 16-13-30 (a).

[2] OCGA § 40-5-121 (a).

[3] OCGA § 40-6-10 (a) (1).

[4] OCGA § 40-8-76.1 (b).

[5] Dover does not challenge on appeal the sufficiency of the convictions for the traffic violations.

[6] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

that someone could walk over and move it. Officer Sowell declined Holbrook's offer, explaining that the lack of insurance on the car prevented anyone from operating the vehicle. Officer Sowell discussed removal of the vehicle with Dover, who expresses a preference for "Gill's" to tow the vehicle.

Because the vehicle was being impounded, Officer Sowell conducted an inventory search, which revealed in the vehicle's center console a pipe covered with methamphetamine residue. In a videotape of the encounter played for the jury, Dover admitted he knew that the pipe was the kind used to smoke methamphetamine, but he explained to Officer Sowell that the car had been stored, and the pipe could have been in the console for a long time. He did not admit ownership of the pipe, claiming that the car had "been parked" for the last six months. Holbrook denied knowing the identity of the pipe and denied ownership of the same.

Dover was arrested at the scene and charged with four counts, including possession of methamphetamine for the residue found on the pipe. Although Holbrook was released at the scene, he was later charged with possession of methamphetamine, and the two defendants were tried together. At the close of the State's case, the trial court granted Holbrook's motion for a directed verdict of acquittal, but denied Dover's motion for the same. Thereafter, the trial court denied Dover's motion for new trial, and he appeals.

1. Dover first argues that the trial court erred by denying his motion to suppress.

> When reviewing a trial court's decision on a motion to suppress, this [C]ourt's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them.[7]

(a) First, Dover contends that evidence of the pipe and methamphetamine residue should have been suppressed because Officer Sowell insisted on having the car impounded, thereby necessitating an inventory search, instead of attempting to have the car moved by another means. We disagree.

---

[7] (Punctuation omitted.) *Waggoner v. State*, 228 Ga. App. 148, 148 (1) (491 SE2d 88) (1997).

"Cases supporting the [S]tate's right to impound a vehicle incident to the arrest of a person in control of it are founded on a doctrine of necessity."[8] "When the driver of a motor vehicle is arrested and a reliable friend is present, authorized and capable to remove an owner's vehicle which is capable of being safely removed it is unnecessary for the police to impound it. The rationale for an inventory search does not exist."[9] "The ultimate test for the validity of the police officer's conduct is whether, under the circumstances then confronting the officer, his conduct was reasonable within the meaning of the Fourth Amendment."[10]

Dover relies heavily upon this Court's decisions in *Strobhert v. State*[11] and *Reed v. State*,[12] in which this Court reversed the defendants' convictions on the bases that the arresting officers improperly impounded the vehicles, and therefore, improperly conducted inventory searches of those vehicles. Both cases are factually distinguishable. In *Strobhert*, the vehicle was legally parked in a public area, and the officer did not attempt to contact the alleged owner of the vehicle to retrieve it.[13] Moreover, the arrest of the defendant in that case had no connection to the vehicle.[14] Here, Dover was arrested for various traffic violations and had been stopped by the officer in a gravel area beside a private business, where it would have been inappropriate to leave the vehicle. In *Reed*, a passenger in the vehicle possessed a valid license and capably drove the vehicle to the police station prior to the impoundment, and there was nothing to indicate that the vehicle was stolen or lacked insurance.[15] Here, Holbrook was not a licensed driver capable of operating the vehicle, and in any event, the vehicle was not insured, so it could not be driven by another individual.[16]

Dover claims that Officer Sowell should have accepted Holbrook's offer to make arrangements to remove the vehicle or Officer Sowell should have communicated the offer to Dover prior to impounding the vehicle. Our review of the videotaped stop reveals that Holbrook's offer to remove the vehicle was not obviously one to have the vehicle towed. Holbrook repeatedly explains that he could

---

[8] (Punctuation omitted.) *Lopez v. State*, 286 Ga. App. 873, 876 (2) (650 SE2d 430) (2007).

[9] (Punctuation omitted.) *Reed v. State*, 195 Ga. App. 821, 822 (395 SE2d 294) (1990).

[10] (Punctuation omitted.) *Lopez*, 286 Ga. App. at 877 (2).

[11] 165 Ga. App. 515 (301 SE2d 681) (1983).

[12] 195 Ga. App. at 821.

[13] See *Strobhert*, 165 Ga. App. at 516.

[14] See id.

[15] See *Reed*, 195 Ga. App. at 823.

[16] See *Duvall v. State*, 194 Ga. App. 420, 421 (390 SE2d 647) (1990) ("it was not unreasonable for the officer to refuse to allow appellant's female companion to drive the car, since there was no proof of any insurance on the car").

have someone "walk over" and drive the vehicle, and when Officer Sowell explained that lack of insurance on the vehicle would preclude such action, Holbrook did not extend the offer to move the vehicle.[17]

Based on the circumstances of this case, we cannot conclude that the officer's decision to impound the vehicle instead of allowing Holbrook (who was not the purported owner of the vehicle) to take possession of the vehicle, was unreasonable, given the facts before the officer at the time, which included two unlicensed drivers traveling in an uninsured vehicle, which was stopped in a gravel area beside a private business, creating potential liability by leaving it unattended.[18] Thus, the trial court was authorized to deny the motion to suppress on this basis.

(b) Dover also argues that the motion to suppress should have been granted because Officer Sowell conducted the search after his arrest, when he was outside the grab area of the vehicle. Pretermitting whether the search was an appropriate search incident to arrest, this Court has upheld the propriety of inventory searches subject to a reasonable impoundment in order to protect an owner's property and to protect officers from claims over lost or stolen property.[19] Accordingly, the inventory search was proper, and Dover's enumeration is without merit.

2. Next, Dover contends that the trial court erred by denying his motion for a directed verdict of acquittal because presence in the vicinity of contraband does not establish possession. Dover argues that the State failed to present sufficient evidence to prove that he possessed the methamphetamine-laced pipe because Holbrook had equal access to the vehicle's center console prior to the stop, and Holbrook had greater access to the area, entering the vehicle at least

---

[17] We note that the videotape of the stop reveals that Dover expressed a preference as to a towing company for the car, which company was then contacted by dispatch. It does not appear that Dover made any contact with the towing service or that he expressed a preference as to the location to which the vehicle should be towed, leaving those aspects up to the officer. Dover does not argue on appeal that his expressed preference of a towing company prohibited the impoundment or that the officer should have inquired into a private location to which the vehicle should be towed. Compare State v. Darabaris, 159 Ga. App. 121, 123 (282 SE2d 744) (1981) (holding that the officers should have inquired about the driver's preference for disposition of the vehicle, obviating necessity to impound the vehicle and therefore conduct an inventory search); and State v. Ludvicek, 147 Ga. App. 784 (250 SE2d 503) (1978) (impound and subsequent inventory search unauthorized when officer failed to inquire with off-site owner of vehicle about preference for disposition of vehicle); with State v. King, 237 Ga. App. 729 (516 SE2d 580) (1999) (holding that an officer was not required to make inquiries into alternative arrangements to impounding vehicle after driver and passenger were arrested for shoplifting); and Waggoner, 228 Ga. App. at 149 (1) (by failing to express a preference regarding towing companies and allowing officer to make the towing arrangements, "it was necessary for the police to exercise at least temporary dominion over the vehicle" and inventory search was therefore authorized).

[18] See Duvall, 194 Ga. App. at 421.

[19] See Lopez, 286 Ga. App. at 877 (3).

once after Dover was arrested and placed in the back of Officer Sowell's cruiser. Thus, Dover claims, because his possession of the contraband was based solely on circumstantial evidence, his conviction should be reversed because the evidence did not exclude every reasonable hypothesis — that Holbrook, rather than Dover, possessed the methamphetamine.

"When an appellant challenges the sufficiency of the evidence to support his conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[20] "We do not weigh the evidence or resolve issues of witness credibility. . . ."[21] "Generally, a directed verdict of acquittal should be granted only where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law."[22]

> Where the State is unable to provide evidence of actual possession, it may sustain a conviction based upon evidence of constructive possession. Constructive possession requires proof that the accused knowingly had both the power and the intention at a given time to exercise control over the drugs. In cases involving contraband found in automobiles, the State is generally entitled to an evidentiary presumption that the owner or driver of the automobile is in constructive possession of the contraband. That presumption does not apply, however, where there is evidence that persons other than the accused had equal access to the vehicle prior to the discovery of the drugs. But the equal access rule does not apply to eliminate the presumption of possession where all persons allegedly having equal access to the contraband are alleged to have been in joint constructive possession of the contraband.[23]

Because Holbrook and Dover were indicted and tried together for possession of methamphetamine, the jury was entitled to conclude that Dover was in possession of the methamphetamine-coated pipe, which was found in the car he drove, next to the driver's seat.[24]

---

[20] (Punctuation omitted.) *Perkins v. State*, 300 Ga. App. 464, 465 (2) (685 SE2d 300) (2009).

[21] *McGee v. State*, 287 Ga. App. 460, 460-461 (651 SE2d 546) (2007).

[22] *Turner v. State*, 247 Ga. App. 775, 776 (1) (544 SE2d 765) (2001).

[23] (Citations and punctuation omitted.) *Cabrera v. State*, 303 Ga. App. 646, 651 (1) (694 SE2d 720) (2010).

[24] See, e.g., id. at 651-652 (1).

Moreover, the jury heard Officer Sowell's testimony that Dover stated at arrest that he was aware the item was used to smoke methamphetamine, and the trial court charged the jury on the doctrine of equal access. Thus, the jury was able to contemplate and reject the equal access defense, and sufficient evidence was presented for the jury to find that Dover possessed the methamphetamine.[25]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

### DECIDED NOVEMBER 24, 2010.

*Steven A. Miller*, for appellant.

*Herbert E. Franklin, Jr.*, District Attorney, *Bruce E. Roberts*, Assistant District Attorney, for appellee.

---

[25] See, e.g., *Waters v. State*, 280 Ga. App. 566, 567 (634 SE2d 508) (2006); *Bryson v. State*, 293 Ga. App. 392, 395 (2) (667 SE2d 170) (2008).